Howard S. Pulliam v. Commissioner.
Pulliam v. Commissioner
Docket No. 6443-69.
United States Tax Court
T.C. Memo 1971-121; 1971 Tax Ct. Memo LEXIS 208; 30 T.C.M. (CCH) 512; T.C.M. (RIA) 71121; May 27, 1971, Filed *208 Respondent reconstructed petitioner's income for 1964 and 1965 by using the source and application of funds method and determined that petitioner had unreported income in those years of $11,847.27 and $6,823.28, respectively. Held: Petitioner failed to carry his burden of proving error, and respondent's determination is sustained. Held, further: Respondent properly increased petitioner's 1966 long-term capital gain from the sale of properties by excluding the cost of certain alleged improvements and furnishings from petitioner's basis in the properties sold. Held, further: Petitioner is entitled to deduct in 1966 certain expenses in connection with his rental properties in excess of the amount allowed by the respondent; Cohan rule applied. Held, further: Petitioner is liable for the addition to tax under section 6651(a) in 1964 because he failed to prove that his failure to timely file his 1964 return was due to reasonable cause. 68, Jeffersonville, Ind. Frederick W. Howard S. Pulliam, pro se, Route #2, Box k/rieg, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined deficiencies in petitioner's income tax for the years 1964, 1965, and 1966 in the amounts of $2,703.27, $1,271.21, and $1,364.31, respectively, and imposed an addition to tax under section 6651(a) for 1964 in the amount of $675.82. The issues presented for our decision are as follows: (1) Whether petitioner had unreported income of $11,847.27 and $6,823.28 in 1964 and 1965, respectively. 513 (2) Whether respondent properly increased petitioner's 1966 long-term capital gain from the sale of properties by excluding the cost of certain alleged improvements and furnishings from petitioner's basis in the properties sold. (3) Whether petitioner is entitled to deduct in 1966 certain expenses in connection with his rental properties in excess of the amount allowed by respondent. (4) Whether petitioner is liable for the addition to *210 tax in 1964 for failure to timely file his 1964 return within the time prescribed by law. Findings of Fact Howard S. Pulliam, petitioner herein, is an individual who resided in Lexington, Kentucky, at the time of the filing of his petition in this case. Petitioner's tax returns for the years 1965 and 1966 were filed with the director of internal revenue, Lousiville, Kentucky; his 1964 return was never filed. In his retained unsigned copy of his 1964 tax return petitioner stated that he had rental income only, that his total income was $786.77 and that no tax was due. In a schedule attached to reflect rental income and expenses, gross rent and gross income of $6,640 were reported and itemized expenses of $5,853.23 were claimed. In his 1965 tax return petitioner reported gross rental income (as his only income) of $6,716 and itemized expenses of $6,801.88, so that his total income reported was a loss of $85.88. In his notice of deficiency for the years in issue, respondent made the following determination with respect to petitioner's 1964 and 1965 taxable years: (a) In the absence of adequate records, your taxable income for the years 1964 and 1965 has been computed by the *211 source and application of funds method. Thus your taxable income is increased by the amounts of $11,847.27 and $6,823.28 for the taxable years 1964 and 1965, respectively, as computed in Exhibit A attached hereto and made a part hereof. Exhibit A to the notice of deficiency stated as follows: 1964
1965
Application of Funds
First National Bank Loan - 1962 Oldsmobile
$ 1,254.62
Commercial Credit Corporation - 1964 Mercedes Benz #395
443.10
$ 1,624.70
Commercial Credit Corporation - 1964 Mercedes Benz #994
31.17
114.29
Down Payment - Mercedes Benz car
2,000.00
First Security Nat'l Bank - Volvo Auto loan
1,181.88
1,280.37
Bank of Commerce - Loan payments
1,133.00
1,236.00
Increase - Bank of Commerce checking acocunt
102.02
Personal living expenses 6,523.48
6,523.48
Total funds applied
$12,669.27
$10,778.84
Source of Funds Bank of Commerce - Loan 10-13-65
$ 3,000.00
Decrease - Bank of Commerce checking account
185.78
Total
0
$ 3,185.78
Funds not accounted for (income)
$12,669.27
$ 7,593.06
Less: Allowable depreciation on rental properties 822.00
855.66
Income corrected
$11,847.27
$ 6,737.40
Income reported on returns 0
(85.88)
Unreported income $11,847.27
$ 6,823.28
*212 On his income tax return for the year 1966 petitioner reported gross rental income of $3,565 and itemized rental expenses of $3,216.95, with a resulting net rental income of $348.05. He also reported on a separate Schedule D, the sale on April 1, 1966, of several pieces of real property for a gross sales price of $49,500. On his return petitioner computed his basis for two of those properties as follows: Apartment, 222 N. Upper St.
Purchased 1958, cost at purchase
$4,500
Lot
2.000
Furnishings sold
1,500
Basis $ 8,000
120 Mechanic St.
Purchase 1958, cost
7,500
Lot
2,500
Improvements 1,200
Basis $11,200 514 He then reported a net gain of $22,374.41 from the sales made in 1966, and included $11,187.20, one-half thereof, in his income. In his notice of deficiency for the year 1966, respondent determined that petitioner realized long-term capital gain of $12,537.20 from the sale of properties during 1966 instead of the amount of $11,187.20 which petitioner had reported. Respondent arrived at this determination by reducing petitioner's "cost or other basis" by the claimed $1,200 in improvements on the property at 120 Mechanic Street, and *213 also by the $1,500 in claimed furnishings sold at 222 N. Upper Street. At the trial petitioner admitted that he did not sell any furnishings when the property at 222 N. Upper Street was sold. No evidence was presented with respect to the $1,200 claimed as improvements on the property at 120 Mechanic Street. On his 1966 income tax return petitioner claimed the following business expense deductions with regard to certain rental properties which he owned in that year: Repairs to kitchens and bathrooms
$ 390.00
Repairs to air conditioning
504.00
Fire insurance
178.00
Water, gas & utilities furnished tenants
$1,285.71
City Taxes
485.81
County & State taxes
54.79
Plumbing repairs
196.35
Electrical repairs
49.29
Pest control 73.00
Total $3,216.95 In his notice of deficiency respondent disallowed these deductions to the extent of $2,676.35, and allowed only the deduction of $540.60, representing the amount petitioner claimed for city, county, and state taxes on his rental properties. Petitioner paid and incurred deductible expenses in connection with his rental properties during 1966 in the following amounts: Water, gas, and utilities furnished tenants
$ 680.75
Miscellaneous repairs and mainte- nance
534.55
City, county, and state taxes
540.60
Insurance 119.78
Total deductible expenses $1,875.68
*214 Ultimate Findings of Fact Petitioner's 1964 income tax return was not filed within the time prescribed by law. Petitioner failed to prove that his failure to timely file his 1964 return was due to reasonable cause rather than to willful neglect. Respondent's calculations with regard to the "application of funds" for 1964 and 1965 are reasonable. Petitioner failed to report $11,847.27 and $6,823.28 as taxable income for the years 1964 and 1965, respectively. Opinion The first issue for our decision is whether respondent properly determined that petitioner had unreported income in the amounts of $11,874.27 and $6,823.28 in 1964 and 1965, respectively. Respondent arrived at his calculations of petitioner's income for those years by using the source and application of funds method for reconstructing income. Respondent determined the minimum amount of cash expenditures made by petitioner in 1964 and 1965 and, after deducting therefrom all cash available to petitioner from known sources and certain allowable depreciation deductions, determined that the remainder of the cash spent by petitioner in those years represented unreported income. The respondent's determination is presumptively *215 correct, and the petitioner has the burden of overcoming this presumption. Welch v. Helvering, 290 U.S. 111 (1933); Rule 32, Rules of Practice, United States Tax Court. Petitioner's only serious objections to the respondent's determination seem to be to the latter's calculation of the amounts which petitioner spent during the years 1964 and 1965. However, all of these expenditures, which are listed in our findings of fact under the heading "Application of Funds," with the exception of the "personal living expenses," are either admittedly correct or clearly established by the evidence. In addition, we conclude that petitioner has failed to prove that respondent's estimate for petitioner's personal living expenses during the years in issue was incorrect. We have found that the respondent's calculations with regard to the application of funds are reasonable, and we are not persuaded by petitioner's unsupported self serving testimony to the effect that he had no personal living expenses in 1964 and 1965. Such vague and general flat conclusory assertions, unsupported by any other evidence whatever, are not convincing. Having observed him on the witness stand and having carefully *216 considered his testimony about his personal expenses in the light of all of the 515 other evidence of record, we conclude that petitioner has not carried his burden of proof to establish that respondent erred in his determination that petitioner's personal living expenses were $6,523.48 in each year. See Geiger v. Commissioner, 440 F. 2d 688 (C.A. 9, April 11, 1971), affirming a Memorandum Opinion of this Court. Petitioner has failed to rebut the presumptive correctness of the respondent's determinations regarding either the amounts petitioner spent during the taxable years in issue or the sources of his funds in those years. Therefore, we must conclude and hold that respondent properly increased petitioner's taxable income in the respective amounts of $11,847.27 and $6,823.28 in 1964 and 1965. The next issue for our consideration is whether respondent properly determined that petitioner realized long-term capital gain of $12,537.20 from the sale of properties during 1966 instead of the amount of $11,187.20 which petitioner had reported. Respondent arrived at this determination by reducing petitioner's "cost or other basis" for the 120 Mechanic Street property *217 by $1,200 which petitioner claimed as improvements, and by reducing his basis in the 222 N. Upper Street property by $1,500 claimed as the cost of furnishings sold with that property. The burden rests upon the petitioner to show error in this determination. At the trial petitioner admitted that he did not sell any furnishings when the property at 222 N. Upper Street was sold. We therefore must hold that petitioner should not have included the cost of such furnishings in his adjusted basis for that property and respondent's determination is sustained. No evidence was presented with respect to the $1,200 claimed as improvements on the property at 120 Mechanic Street. Since petitioner has clearly failed to carry his burden of proof, we hold that respondent's determination regarding this issue must also be sustained. The next issue for our decision is whether respondent properly disallowed a portion of the $3,216.95 in business expense deductions claimed by petitioner on his 1966 income tax return with regard to certain rental properties which he owned in that year. Respondent disallowed these deductions to the extent of $2,676.35, and allowed only the deduction of $540.60, representing *218 the amount petitioner claimed for city, county, and state taxes on his rental properties. We are convinced that petitioner paid and incurred certain expenses for his rental properties in excess of the amount allowed by the respondent. However, the record is far from precise as to the amount of the expenses which petitioner actually incurred during 1966. Bearing heavily against the petitioner, whose inexactitude is of his own making, and applying the rule of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930), we conclude and hold that petitioner is entitled to deduct the following amounts in 1966 as ordinary and necessary business expenses for his rental properties: Water, gas, and utilities furnished tenants
$ 680.75
Miscellaneous repairs and maintenance expenses
534.55
City, county, and state taxes
540.60
Insurance 119.78
Total $1,875.68 The only issue remaining for our consideration is whether respondent was correct in imposing the addition to tax in 1964 under section 6651(a), I.R.C. 1954. A taxpayer is liable for a penalty under that section if his income tax return was not filed within the time prescribed by law unless he can prove *219 that his delinquent filing was due to reasonable cause and not to willful neglect. We cannot conclude from the evidence adduced at trial that petitioner's 1964 return was timely filed. Indeed the evidence of record indicates that it was never filed. Petitioner himself merely assumed that it probably had been filed because his tax advisor "always" mailed his returns. He did not call his advisor as a witness and his own testimony was vague and uncertain at best. Petitioner has failed to prove that his failure to timely file his 1964 return was due to reasonable cause rather than to willful neglect. Therefore, we must conclude and hold that petitioner is liable for the addition to tax in 1964 under section 6651(a), and respondent's determination is sustained in that respect also. To reflect the necessary adjustments required by this opinion, Decision will be entered under Rule 50. 516