M. P. LEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee v. Commissioner
Docket No. 3979-76.
United States Tax Court
T.C. Memo 1977-124; 1977 Tax Ct. Memo LEXIS 318; 36 T.C.M. (CCH) 542; T.C.M. (RIA) 770124; April 28, 1977, Filed *318 M. P. Lee, pro se. Mathew E. Bates, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax under section 6653(a) of the Internal Revenue Code of 1954, as amended, as follows: Addition
Year
Deficiency
to Tax
1972
$1,268.83
$63.44
1973
1,958.68
97.93
1974
1,030.12
51.51
Certain concessions having been made by the parties, two issues remain for decision: 1. Whether, and to what extent, if any, petitioner understated his taxable income for 1972, 1973, and 1974, and if so 2. Whether any part of any understatement of tax was due to negligence or intentional disregard of rules and regulations with the result that petitioner is liable for the additions to tax for 1972, 1973, and 1974 imposed by section 6653(a) of the Code. FINDINGS OF FACT Petitioner was a legal resident of Coasts, North Carolina, at the time he filed his petition. He computed his income on a cash basis and filed his individual Federal income tax returns for 1972, 1973, and 1974 with the Memphis Service *319 Center, Memphis, Tennessee. During 1972, 1973, and 1974, petitioner was employed as a truck driver and received wages in the amounts of $20,517.45, $17,082.29, and $15,224.90 in those years, respectively. Also during those years he was engaged in farming operations which consisted of raising tobacco, grain, and cattle, from which he reported losses in the respective amounts of $10,876.89, $14,900.41, and $7,056.24 for the three years. For 1972 he also reported a loss of $126.08 from the rental of property. Petitioner's farming operations were conducted on 4 pieces of land which he owned and 5 pieces which he rented. As a result of his reported losses, he received refunds of most of the Federal income tax withheld from his wages during each of the years in controversy. On examination of petitioner's income tax returns for 1972, 1973, and 1974, the revenue agent found that petitioner maintained no records on his farming operations except his canceled checks which covered personal as well as business expenses. His returns for 1973 and 1974 were prepared by an individual to whom petitioner delivered his canceled checks and a slip of paper on which he indicated his income. He *320 had no records other than the checks. The revenue agent concluded that petitioner's records were not sufficiently complete or accurate to permit verification of the items of income and deductions shown on petitioner's returns. He also found through investigation that petitioner had expended substantially greater sums than he had reported as income for the years in issue. Employing the source and application of funds method of income reconstruction, the revenue agent reconstructed petitioner's income for 1972, 1973, and 1974. Using this method he calculated the cash expenditures made by petitioner during each taxable year and deducted from the resultant amount allowable depreciation and the amount of cash available to petitioner, as reflected on his income tax returns. After making certain other adjustments, the revenue agent then treated the excess cash expenditures during each year as unreported income. Employing the income reconstruction method referred to above, respondent in his brief computed petitioner's understatements of taxable income for 1972, 1973, and 1974 as follows: 1972
1973
Application of Funds: Increase in checking acct.
$ 0
$ 0
$ 742.87
bal.
Payments on business
equipment purchased
9,444.39
6,743.29
Assets purchased -
personal and business
0
9,218.45
Equipment purchased
0
0
Loans repaid (excl. of
5,982.56
4,642.00
interest)
Payments on personal assets
975.00
0
Personal living expenses: Amounts withheld from salary
7,799.54
6,777.69
Payments for personal items
-
by check
3,308.15
3,335.51
Payments for personal items
-
in cash
885.00
725.00
Employee business expenses
2,520.00
2,500.00
Total funds applied during
[1]/$30,914.54
$33,941.94
year
Funds Available from Known
Sources: Business profit (loss)
reported per return
($11,002.9
($14,900.41)
7)
Depreciation deduction
per return
2,351.40
2,007.50
Gross proceeds from sale
of assets
0
400.00
Proceeds from loans
8,733.06
6,000.00
Decrease in checking acct.
26.13
157.24
bal.
Gross salary
20,517.45
17,082.29
Proceeds from sale of stock
0
3,581.25
State income tax refund
801.97
863.60
Federal income tax refund
2,981.18
4,276.81
Total funds available from
known sources
$24,408.22
$19,468.28
UNDERSTATEMENT of Taxable
$ 6,506.32
$14,473.66
Income
*321 1974
Application of Funds: Increase in checking acct.
bal.
Payments on business
equipment purchased
3,924.96
Assets purchased -
personal and business
0
Equipment purchased
2,233.59
Loans repaid (excl. of
18,315.79
interest)
Payments on personal assets
0
Personal living expenses: Amounts withheld from salary
6,114.12
Payments for personal items
-
by check
4,721.21
Payments for personal items
-
in cash
800.00
Employee business expenses
2,080.00
Total funds applied during
$38,932.54
year
Funds Available from Known
Sources: Business profit (loss)
reported per return
($ 7,056.24)
Depreciation deduction
per return
1,654.30
Gross proceeds from sale
of assets
0
Proceeds from loans
17,616.67
Decrease in checking acct.
0
bal.
Gross salary
15,224.90
Proceeds from sale of stock
0
State income tax refund
967.02
Federal income tax refund
4,249.61
Total funds available from
known sources
$32,656.26
UNDERSTATEMENT of Taxable
$ 6,276.28
Income
Also in the notice of deficiency, respondent decreased the allowable depreciation deduction for *322 1972 by $94.36 and increased the allowable depreciation deductions for 1973 and 1974 by $563.21 and $1,240.40, respectively. Respondent concedes in his brief that petitioner is entitled to additional depreciation deductions for 1972, 1973, and 1974 in the amounts of $87.50, $202.98, and $116.69, respectively. Respondent also concedes that petitioner is entitled to additional farming expense deductions for 1973 and 1974 in the amounts of $519.59 and $1,672.39, respectively. OPINION Petitioner submitted no books and records except some canceled checks to verify the correctness of the income and deductions set forth in his income tax returns for the years in issue. In these circumstances the Commissioner is authorized to reconstruct petitioner's income by use of an indirect method. The source and application of funds method, used by the Commissioner in this case, has been accepted by this Court, Vassallo v. Commissioner,23 T.C. 656, 661-662 (1955). [1]/ This method is based on the assumption that the amount by which the taxpayer's application of his funds exceeds his known sources of income is taxable income, absent a showing by the taxpayer of a nontaxable *323 source, and is particularly useful where the taxpayer has consumed his earnings rather than having added them to his net worth. See Taglianetti v. United States,398 F.2d 558, 562 (1st Cir. 1968). The table set forth in our findings lists the categories of petitioner's expenditures during the years in issue. To support these findings, respondent introduced at trial a series of schedules which describe the evidence supporting his finding in each category. In most instances the schedules list numbered checks as evidence of the expenditures. In other instances the schedules reflect such supporting evidence as payroll deductions, Forms W-2, and oral statements by petitioner to the revenue agent during his investigation of the instant case. The revenue agent who worked on the case testified in detail as to the evidence on which he based his findings with respect to each expenditure category. Copies of each of the schedules supporting the determined application of funds were sent to petitioner prior to *324 the trial. At a pretrial conference the revenue agent's findings were also reviewed in detail. Petitioner thus had full opportunity in advance of the trial to discuss the schedule with his accountant; at the trial he was carefully given ample opportunity to point out any errors made by the revenue agent. With the exception of the depreciation and farming expense items now conceded by respondent and referred to in our findings, petitioner made no real effort to show any errors in the agent's findings reflected in the notice of deficiency. Subject to the enumerated concessions, therefore, we must sustain respondent's determination. See Schroeder v. Commissioner,291 F.2d 649, 652 (8th Cir. 1961), affirming a Memorandum Opinion of this Court, cert. denied 368 U.S. 985 (1962); Jones v. Commissioner,29 T.C. 601, 613-614 (1957). Petitioner maintains that his current and past financial situation shows there is no way he could owe any additional tax, but he offered no specific evidence to support his contention.He refers vaguely to losses sustained in years not before the Court, but his pleading does not allege his right to net operating *325 loss deduction carryovers or carrybacks. Nor does the record show any actual loss in any taxable year. We also conclude that petitioner is liable for the additions to tax under section 6653(a) of the Code. Petitioner maintained no ledgers or other formal records of his income and expenses. He kept his canceled checks, but he maintained no records whatever with respect to his farm income. Further, petitioner offered no evidence to show that he exercised any care to assure that all his farming income was reported. The haphazard manner in which he handled the reporting of his income, particularly the income from his farming operations, combined with the substantial understatements of his income, is sufficient proof of negligence. Schroeder v. Commissioner,40 T.C. 30, 34 (1963); Smith v. Commissioner,66 T.C. 622, 651 (1976), on appeal (2d Cir. and 5th Cir., Nov. 8, 1976). We have no alternative except to sustain the determined additions to tax. To reflect the foregoing and the concessions by the parties, Decision will be entered under Rule 155. Footnotes
1. /↩ Discrepancy of 10 cents in arithmetic is unexplained.
1. / See also Stutts v. Commissioner,34 T.C.M. 1303, 1305 (1975); Pulliam v. Commissioner,30 T.C.M. 512↩, 514 (1971).