THOMAS K. AND JOAN G. JACOBY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jacoby v. Commissioner
Docket No. 27034-92
United States Tax Court
T.C. Memo 1994-612; 1994 Tax Ct. Memo LEXIS 620; 68 T.C.M. (CCH) 1433; December 14, 1994, Filed *620 Decision will be entered under Rule 155. For petitioners: David Alan Rosenthal. For respondent: Brian M. Harrington. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181 and 182. [1] Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1989 in the amount of $ 2,010. The issues for decision are: (1) Whether petitioners are entitled to a mortgage interest deduction in excess of the amount allowed by respondent; and (2) whether petitioners are entitled to a deduction for bank service charges under section 162(a). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners resided in Frankfort, Indiana, when their petition was filed. References *621 to petitioner in the singular refer to Thomas K. Jacoby. Petitioners were self-employed as farmers during 1989. Due to the seasonal nature of farming, petitioners often borrowed funds on a short-term basis in the spring to purchase seed and get through the growing season. Petitioners would repay the loans in the fall when their harvest was sold. The Farmers Bank, the lender of the short-term notes and second mortgagee on petitioners' land, would take a security interest in petitioners' real and personal property as collateral for the loans. In 1987, petitioners experienced some financial problems when, shortly after they built a new dairy barn, the prices for dairy products fell sharply. When they were unable to pay off their loans, petitioners signed up for the Federal dairy termination program (the program). The program was administered by the Agriculture Stabilization and Conservation Service of the United States Department of Agriculture (USDA). Through this program, the USDA dispensed $ 5,465.56 to petitioners each year from 1987 through 1990. Each of these payments were assigned by petitioners to Farmers Bank. Despite these payments, petitioners remained in default *622 on their obligations. In a letter dated August 17, 1988, Farmers Bank threatened to commence foreclosure proceedings if petitioners did not repay the amount due: $ 73,398.44 principal plus $ 9,044.71 interest. In 1991, the Circuit Court for Clinton County ruled that Farmers Bank was not entitled to summary judgment in its foreclosure proceeding against petitioners because Farmers Bank's books and records were in such disarray that it could not prove how much petitioners owed in principal or interest. Ultimately, a settlement was reached whereby Farmers Bank retained the dairy termination payments from the USDA in exchange for releasing its mortgage and security interests in petitioners' land and equipment, and canceling all outstanding debt of petitioners to Farmers Bank. [2]
*623 On Schedule F of their 1989 Federal income tax return, petitioners deducted mortgage interest in the amount of $ 10,605, consisting of $ 2,266 paid to Summit Bank, $ 2,739 paid to the FHA, and $ 5,600 paid to Farmers Bank. Petitioners now contend that the amount paid to Summit Bank actually represents bank service charges on their business accounts and should have been deducted as a business expense in connection with their silk screening business on Schedule C. In addition, respondent concedes that petitioners have substantiated mortgage interest in the amount of $ 2,738 paid to the FHA. [3] Respondent contends, however, that a deduction for the amount paid to Farmers Bank should be disallowed for lack of substantiation. [4]
*624 Petitioners have the burden of proving that determinations made by respondent are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Furthermore, deductions are a matter of legislative grace and a taxpayer must be able to show that the deduction sought comes within the express provisions of the statute. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 162 provides for a deduction of all ordinary and necessary expenses paid or incurred in carrying on a trade or business. As a general rule, no deduction is permitted for personal, living, or family expenses. Sec. 262(a). An exception to this rule is found in section 163 and allows a deduction for any interest paid or accrued during the taxable year on "acquisition indebtedness" or "home equity indebtedness" secured by a qualified residence. Sec. 163(h)(2) (D) and (3). To substantiate their deductions, petitioners are required to maintain and produce sufficient records. Sec. 6001. Where evidence indicates that a taxpayer incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the deduction. *625 Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). There must be sufficient evidence in the record to permit the Court to conclude that a deductible expense was incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In estimating the allowable amount, the Court bears heavily against taxpayers whose inexactitude is of their own making. Cohan v. Commissioner, supra at 544. In an attempt to substantiate their mortgage interest deduction, petitioners introduced several documents at trial: (1) A statement from the USDA indicating that dairy termination payments in the amount of $ 5,465.56 were assigned by petitioners and remitted to Farmers Bank each year from 1987 through 1989; (2) a letter from Farmers Bank listing the total principal and interest due on petitioners' loans and threatening to commence foreclosure proceedings (the letter); and (3) a demand note dated April 14, 1986, evidencing that petitioners borrowed money from Farmers Bank (the 1986 demand note). Petitioners argue that these documents are sufficient to substantiate their *626 claimed deduction of $ 5,600 in mortgage interest paid to Farmers Bank in the taxable year 1989. We disagree. While the statement from the USDA proves that each of the dairy termination payments was assigned to Farmers Bank, it does not indicate to which obligation the 1989 payment was applied or whether the payment went to pay interest. With regard to the letter, there is no evidence as to when the particular debt was incurred or whether petitioners paid the debt as specified. The 1986 demand note provided in part: PAYMENTS: Interest accrues on the unpaid balances of principal remaining from time to time. Each payment when made will first be applied to accrued interest, and the balance to principal. The actual amount of the final payment will depend upon [borrowers'] payment record.
Petitioner testified that the terms contained in the 1986 demand note are identical to the terms of every loan transaction between themselves and Farmers Bank and, therefore, that the 1989 dairy termination payment must have been applied to the interest cited in the letter. Petitioners offered no corroborating evidence in support of this contention. It is well settled that we are not *627 required to accept petitioner's self-serving testimony in the absence of corroborating evidence. Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992); Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978). Based on the record in this case, petitioners have not proven that the dairy termination payment to Farmers Bank in 1989 was applied to interest on either qualified residence indebtedness, deductible under section 163, or a commercial farming debt, deductible under section 162. Furthermore, while we find petitioner's testimony credible regarding the loss of their records by Farmers Bank, and we sympathize with petitioners' difficult financial situation, we are unable to provide relief under Cohan v. Commissioner, supra. As stated in Williams v. United States, supra, *628 unless the record contains sufficient evidence upon which a reasonable estimation can be based, relief to a taxpayer would be "unguided largesse". The record in this case does not provide sufficient evidence with which to calculate an allowable amount. Accordingly, petitioners are not entitled to a mortgage interest deduction in excess of the amount allowed by respondent. During 1989, in addition to their farming, petitioners were proprietors of a silk screening business called the Village Print Shoppe (the shop). Petitioners opened a business checking account and revolving line of credit for the shop at Summit Bank. They also obtained several commercial loans from Summit Bank on behalf of the shop. In 1989, petitioners paid Summit Bank $ 173.50 in finance charges on the line of credit, $ 2,387.97 in service charges and fees on the checking account, and $ 1,313.74 in interest on the loans. On their Schedule C, petitioners deducted interest paid to Summit Bank in the amount of $ 1,314. Respondent does not dispute that petitioners are entitled to this deduction. As noted above, petitioners also deducted $ 2,266 paid to Summit Bank, but mistakenly reported the amount on their *629 Schedule F as mortgage interest. Respondent contends that petitioners are not entitled to this deduction. Section 162 provides for a deduction of all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Based on the shop's bank account statements that they introduced at trial, we find that petitioners substantiated interest, service fees, finance charges, and other bank expenses in the amount of $ 3,875.21. Therefore, petitioners are entitled to the interest expense deductions claimed on Schedule F and Schedule C, totaling $ 3,580, as well as an additional $ 295.21. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In addition to the security interest held by Farmers Bank, petitioners' land and equipment were encumbered with a mortgage and security interest held by Farm Credit Service, a branch of the USDA's Farmers Home Administration (FHA). Petitioners and the FHA entered into a settlement agreement in 1991 in which the FHA agreed to release all claims to petitioners' property and to discharge all debt owed by petitioners, in exchange for a lump sum payment of $ 75,000.↩
3. Petitioners do not address, and respondent does not offer an explanation for, the $ 1 discrepancy between the amount allowed by respondent and the amount that petitioners reported.↩
4. Petitioners offer no explanation regarding the difference between the amount assigned to Farmers Bank and the amount reported as paid to Farmers Bank on their Federal income tax return.↩