T.C. Memo. 1999-329

UNITED STATES TAX COURT

DONALD FRANCIS COOK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23276-97.                    Filed September 30, 1999.

Donald Francis Cook, pro se.

Kenneth C. Peterson, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  Respondent determined the following defi-
ciencies in, and accuracy-related penalties under section
6662(a)[1] on, petitioner's Federal income tax:

---

[1]All section references are to the Internal Revenue Code in
effect for the years at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

| Year | Deficiency | Accuracy-Related Penalty |
|------|-----------|--------------------------|
| 1994 | $12,258 | $2,451 |
| 1995 | 14,219 | 2,843 |

We must decide whether the determinations in the notice of deficiency (notice) for each of the years at issue that have not been conceded by respondent should be sustained. We hold that they should.

Some of the facts have been stipulated and are so found. On November 9, 1998, respondent filed a request for admissions with the Court, a copy of which respondent had served on petitioner on November 4, 1998. Petitioner did not file any response to that request. As a result, each matter set forth in respondent's request for admissions is deemed admitted. See Rule 90(c); Marshall v. Commissioner, 85 T.C. 267, 272 (1985).

Petitioner resided in Lake Forest, California, at the time he filed the petition.

During the years at issue, petitioner was self-employed as a building contractor. Petitioner filed Form 1040, U.S. Individual Income Tax Return, for each of the years 1994 and 1995. Petitioner reported certain income and claimed certain expenses from his activities as a building contractor in Schedule C of Form 1040 (Schedule C) for each of those years.

In the notice issued to petitioner, respondent made adjustments to certain items of income and expense that petitioner

reported in Schedule C for each of the years 1994 and 1995 and corresponding adjustments to petitioner's self-employment tax for each of those years. Respondent also determined in the notice that petitioner is liable for the accuracy-related penalty under section 6662(a) for each year at issue.

Petitioner bears the burden of proving that the determinations in the notice are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner attempted to satisfy that burden through his self-serving testimony, which was largely general, vague, irrelevant, and/or conclusory. We are not required to, and we shall not, rely on that testimony. See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

We have considered all of the arguments and contentions of petitioner, and we find them to be without merit and/or irrelevant. Based on our examination of the entire record in this case, we find that petitioner has failed to satisfy his burden of showing error in any of the determinations in the notice that have not been conceded by respondent.

To reflect the foregoing and the concessions of respondent,

Decision will be entered under Rule 155.