T.C. Memo. 1999-379

UNITED STATES TAX COURT

BEVERLEE COCHRANE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12144-98.                    Filed November 16, 1999.

Beverlee Cochrane, pro se.

<u>Rick V. Hosler</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, and additions to, petitioner's Federal income tax
(tax):

| | | Additions to Tax | |
|---|---|---|---|
| | | Section | Section |
| Year | Deficiency | 6651(a)(1)[1] | 6654 |
| 1989 | $1,724 | $349 | --- |
| 1990 | 37,975 | 9,494 | $2,486 |
| 1991 | 2,462 | 616 | 141 |
| 1992 | 25,267 | 6,317 | 1,102 |
| 1993 | 812 | 189 | --- |

The issues remaining for decision are:

(1) Have the respective periods of limitations under section 6501 expired with respect to petitioner's taxable years 1989, 1990, 1991, and 1992?  We hold they have not.

(2) Is petitioner liable for the addition to tax under section 6651(a)(1) for each of the years 1989, 1990, 1991, and 1992?  We hold that she is.

(3) Is petitioner liable for the addition to tax under section 6654 for each of the years 1990, 1991, and 1992?  We hold that she is to the extent stated herein.

Some of the facts have been stipulated and are so found.

Petitioner, who was single during the years at issue, resided in Phoenix, Arizona, at the time the petition was filed.

Petitioner requested, and received, extensions of time until August 15, 1990, and August 15, 1991, respectively, within which to file her 1989 and 1990 tax returns and included tax payments with those requests in the amounts of $390 and $1,128.25, respec-

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

tively. The Internal Revenue Service (Service) has no record that petitioner filed her 1989 and 1990 tax returns on those respective dates or on any other dates. Nor does the Service have a record that petitioner filed tax returns for 1991, 1992, and 1993.

Tax was withheld in the amounts of $330 and $58 from the wages that petitioner received during 1989 and 1993, respectively. No tax was withheld from the $18 of wages that petitioner received during each of the years 1990 and 1991. No tax was withheld for petitioner's taxable year 1992 because she received no wages during that taxable year.

On April 10, 1998, respondent sent petitioner a notice of deficiency (notice) with respect to her taxable years 1989, 1990, and 1991 and a separate notice with respect to her taxable years 1992 and 1993. In those notices, respondent determined, inter alia, that petitioner had failed to file tax returns for the years at issue, that she is liable for additions to tax under section 6651(a)(1) for those years, and that she is liable for additions to tax under section 6654 for her taxable years 1990, 1991, and 1992.

Petitioner bears the burden of showing error in the determinations in the notices. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). We reject petitioner's argument that the standard of proof applicable in criminal proceedings is control-

ling in the instant case.

Before addressing each of the issues remaining for decision, we note that we have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be baseless, without merit, and/or irrelevant.

Period of Limitations

Although not pled in the petition, petitioner argues that the respective periods of limitations under section 6501 with respect to her taxable years 1989 through 1992 have expired.[2] That is because, according to petitioner, she timely filed her tax returns for those years, and the notices with respect to those years were not issued until April 10, 1998. We reject petitioner's contention.

Except for petitioner's self-serving, uncorroborated, and conclusory testimony that she timely filed her tax returns for the years 1989 through 1992, the record is devoid of evidence supporting petitioner's position under section 6501. In fact,

---

[2]Although petitioner also argues on brief about her taxable year 1993, petitioner conceded at trial that she did not file a tax return for that year. Therefore, we find that petitioner also conceded that the period of limitations under sec. 6501 with respect to petitioner's taxable year 1993 has not expired. Petitioner also conceded at trial that she is liable for the addition to tax under sec. 6651(a)(1) for 1993. Assuming arguendo that petitioner had not made the foregoing concessions with respect to her taxable year 1993, on the record before us, we would nonetheless find that petitioner has failed to establish that the period of limitations under sec. 6501 with respect to 1993 has expired and that she is not liable for the addition to tax under sec. 6651(a)(1) for that year.

official records of the Service that are part of the record in this case show that petitioner did not file tax returns for any of the years 1989 through 1992.[3]  We are not required to, and we shall not, accept petitioner's testimony that she timely filed her tax returns for those years.  See <u>Geiger v. Commissioner</u>, 440 F.2d 688, 689 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986).

On the record before us, we find that petitioner has failed to establish that she filed tax returns for the years 1989 through 1992.  Accordingly, we hold that the respective periods of limitations under section 6501 with respect to those years have not expired.

<u>Addition to Tax for Failure to File</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a tax return on the date prescribed for filing.  That addition to tax does not apply if it is shown that the failure to file was due to reasonable cause, and not due to willful neglect.  See sec. 6651(a)(1).

Petitioner contends that she is not liable for the additions to tax under section 6651(a) for the years 1989 through 1992.[4]

---

[3]Service records also show that petitioner did not file a tax return for 1993.  See <u>supra</u> note 2 for petitioner's concessions regarding 1993.

[4]As we indicated <u>supra</u> note 2, petitioner concedes that she is liable for the addition to tax under sec. 6651(a) for her taxable year 1993.

In support of her position, petitioner states, inter alia:

> Why did it take Respondent nine years to notify Petitioner that they did not have her returns on file for the years 1989 through 1993, if, in fact, they did not have the returns, unless Respondent, through laxity and clerical bungling, lost track of Petitioner's returns; or else, deceitfully and intentionally, with malice aforethought, submerged Petitioner's returns and deferred contact with her, all the while tabulating penalties and interest that would have been far less significant had the "Total" lines been timely drawn? The Notice of Deficiency sent to Petitioner in January of 1998 clearly witnesses that the potential for stunning penalties and interest is increased proportionate to the delay in notification * * * .

> *     *     *     *     *     *     *

> If the IRS is allowed to collect monies for alleged "unfiled" returns from 10 years past, when taxpayers are only required to keep them for three, what's to stop them from seeking to collect for returns they claim to have no record of that date back 20 years, or more? The taxpayer should have some means of protecting him-or herself from the burden of filing proof when the date of notification exceeds the requirement date for keeping such return. If Respondent can't keep track of a taxpayer in this high-tech age, when everything about everyone is easily knowable and privacy rights are flagrantly violated by legions of both professional and personal snoops--many of them employed by Respondent * * * , then Respondent deserves to lose any revenue that would accrue from its assessments, whether taxpayer has proof of filing or not. If Respondent deliberately defers contact with a taxpayer in order to subsequently collect greater penalties and interest, then this would constitute not only malicious intent, but fraud.

> *     *     *     *     *     *     *

> It is convenient--and necessary, in the absence of proof--for Respondent to assert that Petitioner did not file taxes for the years 1989 through 1993, though it is impossible to prove such assertion. In fact, Petitioner would not dare willfully omit a filing, in view of the harassment visited upon her by Respondent in

years when her returns did not bear the signature of a professional preparer. The provisions of Section 6651 cannot even apply to Petitioner because Petitioner did, in fact, file her returns, and Respondent has offered no proof to the contrary, nor can it. If the burden of proof rests with Petitioner, there is a standoff, and the case should be dismissed.

We find petitioner's contentions and arguments under section 6651(a)(1) to be baseless, without merit, and/or irrelevant. On the record before us, we find that petitioner has not shown that her failure to file tax returns for her taxable years 1989 through 1992 was due to reasonable cause, and not to willful neglect. Consequently, we sustain respondent's determinations that petitioner is liable for additions to tax under section 6651(a)(1) for those years.

Addition to Tax for Failure to Pay Estimated Tax

Section 6654(a) imposes an addition to tax for failure to pay estimated tax. The addition to tax under section 6654(a) is mandatory unless the taxpayer establishes that one of the exceptions in section 6654(e) applies. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

Petitioner contends that she is not liable for the additions to tax under section 6654(a) for the years 1990 through 1992. In support of that contention, petitioner argues:

in 1990, Petitioner prepaid over 100% of the estimated taxes owed in 1989; thus, no further estimated payments were required and no penalty was due therefor in 1990. In 1991, no tax was due; thus, no estimated tax payment was required in 1992. No estimated taxes were required to be paid from 1989 through 1993. Exceptions to the

underpayment penalty under §6654(e)(2), apply for 1990 and 1992.

Section 6654(e) provides in pertinent part:

(e) Exceptions.--
    (1) Where tax is small amount.--No addition to tax shall be imposed under subsection (a) for any taxable year if the tax shown on the return for such taxable year (or, if no return is filed, the tax), reduced by the credit allowable under section 31, is less than $500.
    (2) Where no tax liability for preceding taxable year.--No addition to tax shall be imposed under sub-section (a) for any taxable year if--
        (A) the preceding taxable year was a taxable year of 12 months,
        (B) the individual did not have any liability for tax for the preceding taxable year, and
        (C) the individual was a citizen or resident of the United States throughout the preceding taxable year.

The parties made various concessions at trial as well as in the stipulation of facts and the supplemental stipulation of facts filed in this case.  Consequently, computations under Rule 155 will be necessary.  On the present record, we find that petitioner is liable for the additions to tax under section 6654(a) for 1990, 1991, and 1992 except to the extent that the Rule 155 computations in this case establish that the exception provided in either section 6654(e)(1) or section 6654(e)(2) applies for any such year.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered under Rule 155</u>.