T.C. Memo. 2001-59

UNITED STATES TAX COURT

LARRY M. PETTY AND JEAN L. PETTY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4038-99.                    Filed March 9, 2001.

Larry M. Petty and Jean L. Petty, pro sese.

<u>Stephen P. Baker</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined deficiencies in, additions under section 6651(a)(1)[1] to, and accuracy-related penalties under section 6662(a) on, petitioners' Federal income

_____

[1]All section references are to the Internal Revenue Code (Code) in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

tax (tax), as follows:

| Year | Deficiency | Addition to Tax Under Sec. 6651(a)(1) | Accuracy-Related Penalty Under Sec. 6662(a) |
|------|-----------|-----------------|------------------|
| 1992 | $4,271 | $417 | $854 |
| 1993 | 7,848 | 1,240 | 1,570 |

The issues remaining for decision[2] are:

(1)  Are petitioners entitled for 1993 to Schedule C deductions in excess of those conceded by respondent?  We hold that they are not.

(2)  Are petitioners liable for 1993 for the addition to tax under section 6651(a)(1)?  We hold that they are.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners resided in Alaska at the time the petition was filed.

On April 5, 1997, petitioners signed Form 1040, U.S. Individual Income Tax Return, for 1993 (petitioners' joint return), which respondent received on April 9, 1997.  Attached to petitioners' joint return was Schedule C, Profit or Loss From Business (Schedule C), in which petitioner Larry Petty (Mr. Petty) reported his principal business or profession as "Truck Service".  In Schedule C, petitioners reported gross income of $5,820 and claimed expenses of $30,268 and a net loss of $24,448.  Included

---

[2]Computational issues also remain, resolution of which flows automatically from the concessions of the parties and our findings with respect to petitioners' claimed Schedule C deductions.

in the expenses claimed in Schedule C were $7,902 for "Repair parts", $3,748 for "Repairs and maintenance", $6,205 for "Depreciation", and $3,208 for "Fuel".

During 1993, petitioners paid the amounts indicated with respect to the following expenses that they claim are part of the total expenses that they deducted for 1993 in Schedule C for "Repair parts":

| Date of Check | Amount | Claimed Nature of Expense |
|---|---|---|
| 05/22/93 | $0.48 | Bolts for gate |
| 04/21/93 | 14.00 | Keys for side bin of farm truck |
| 01/02/93 | 3.89 | Parts |
| 01/06/93 | 43.20 | Parts |
| 03/30/93 | 6.92 | Parts--bolts and nuts |
| 04/21/93 | 19.25 | Keys |
| 07/03/93 | 25.00 | Interior Tax Assoc. membership |
| 07/06/93 | 8.43 | Generator parts |
| 08/31/93 | 46.88 | Ford part |
| 11/10/93 | 15.54 | Parts--fuses |
| | Total $183.59 | |

During 1993, petitioners paid the amounts indicated with respect to the following expenses that they claim are deductible for 1993 as Schedule C expenses for "Repairs and maintenance":

| Date of Check | Amount | Claimed Nature of Expense |
|---|---|---|
| 01/02/93 | $192.89 | Repairs to farm building |
| 03/05/93 | 41.44 | Part '98 Olds |
| 03/05/93 | 45.00 | Dodge starter |
| 03/08/93 | 200.00 | Transfer case |
| 03/10/93 | 18.16 | Dodge ad |
| 01/07/93 | 79.93 | Seatcover, truck mat, and weather cord for wrecker |
| 01/08/93 | 119.97 | Tool box |
| 01/11/93 | 31.76 | Supplies |
| 02/19/93 | 8.74 | Part for CB radio |
| 03/03/93 | 49.00 | Tool |
| 02/12/93 | 17.95 | Not disclosed by the record |

| | | |
|---|---|---|
| 06/12/93 | 100.00 | Part for 1978 Dodge |
| 06/16/93 | 72.75 | Case of oil |
| 03/29/93 | 4.73 | Oil |
| 03/28/93 | 22.82 | Part for 966 loader |
| 06/16/93 | 32.65 | Fence bolts |
| 03/24/93 | 15.08 | Repairs |
| 05/15/93 | 205.00 | Built farm gates |
| 04/01/93 | 20.06 | Ford switch |
| 11/30/93 | 69.41 | Part for F-250 |
| 08/13/93 | 188.11 | Ford parts |
| 01/19/93 | 17.65 | Wrecker parts |
| 01/15/93 | 118.46 | Wrecker lights |
| 01/14/93 | 15.58 | Bolts for wrecker |
| 01/02/93 | 8.60 | Not disclosed by the record |
| 03/11/93 | 85.50 | Organizer |
| 02/22/93 | 7.43 | Log forks repair |
| 02/23/93 | 124.60 | Wrecker motor heads |
| 01/25/93 | 120.00 | Ford tow |
| 01/25/93 | 40.00 | Dodge tag |
| 11/23/93 | 46.14 | Repairs--No. 10 black stranded wire |
| 03/26/93 | 70.27 | Oil change and oil |
| 08/02/93 | 120.00 | Not disclosed by the record |
| 07/29/93 | 106.12 | Batteries for Case tractor |
| 12/08/93 | 102.26 | Chains |
| 04/13/93 | 65.00 | Title change and registration |
| 03/24/93 | 51.00 | Not disclosed by the record |
| 04/14/93 | 19.96 | Tools |
| 03/22/93 | 45.00 | Title transfer and tags |
| 05/27/93 | 30.90 | Used tire |
| 01/22/92 | 91.85 | Headlights, farm use |
| 01/17/93 | 36.30 | Tools |
| 01/31/93 | 447.45 | Wood tools |
| 01/30/93 | 85.00 | Tow and 4-day storage of wrecked farm truck |
| 02/03/93 | 76.67 | Tool box, etc. |
| 01/29/93 | 30.19 | Ad |
| 01/29/93 | 1,092.62 | Wrecker repair |
| 02/09/93 | 138.77 | Wrecker repair |
| 02/08/93 | 291.91 | Wrecker repair |
| | Total $5,020.68 | |

At some time around December 1993 or January 1994, petitioners traveled from Alaska to Texas to purchase certain farm equipment. After purchasing such equipment, petitioners discov-

ered that the truck and the trailer that they had driven to Texas were not large enough to transport all of that equipment back to Alaska. Consequently, at a time not established by the record, petitioners purchased another truck and another trailer to use in transporting to Alaska the farm equipment that they had purchased in Texas.

In the notice of deficiency issued to petitioners for 1992 and 1993 (notice), respondent determined, inter alia, to disallow deductions for 1993 for certain of the total expenses claimed in Schedule C because petitioners did not establish that Mr. Petty was engaged in a trade or business during 1993, that such expenses were paid or incurred during 1993, and that such expenses were ordinary and necessary expenses within the meaning of section 162(a). Respondent further determined, inter alia, that petitioners are liable for 1993 for the addition to tax under section 6651(a)(1) for their failure to file timely petitioners' joint return.

OPINION

At trial, respondent conceded all determinations in the notice relating to 1992 and 1993, except certain determinations for 1993.[3] After concessions, it is respondent's position that

[3]In addition to respondent's concessions of most of the determinations in the notice, respondent conceded at trial that petitioners are entitled for 1993 to deductions in Schedule F, Profit or Loss from Farming, in excess of those claimed by them

(continued...)

petitioners have a deficiency in tax for 1993 of $1,483 and that they are liable for that year for the addition to tax under section 6651(a)(1). At trial, petitioners conceded all expenses claimed in Schedule C for "Fuel" in excess of those conceded by respondent for 1993.

Petitioners bear the burden of proving error in the determinations for 1993 that remain at issue and their entitlement to the new matter that they claimed at trial.[4] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Schedule C Deductions

Deductions are strictly a matter of legislative grace, and petitioners bear the burden of proving that they are entitled to any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). At trial, petitioners attempted to satisfy that burden through Mr. Petty's testimony and certain documentary evidence. We found Mr. Petty's testimony to be general, vague, conclusory, and/or questionable in certain material respects. Under these circumstances, we are not required to, and we shall not, rely on Mr. Petty's testimony to sustain petitioners' burden of proving that they are entitled to any Schedule C deductions in excess of those conceded by respondent. See Lerch v. Commis-

--------

[3](...continued)
when they filed their 1993 joint return.

[4]Although the Court gave petitioners the opportunity to file briefs, they chose not to do so.

sioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

As for the documentary evidence on which petitioners rely, some of that evidence establishes that petitioners paid certain amounts for various expenditures.[5]  However, we find that that documentary evidence does not show that any of those paid amounts is deductible for 1993.

On brief, respondent concedes that during 1993 Mr. Petty operated a truck service Schedule C business.  However, respondent contends on brief that petitioners have failed to establish their entitlement for 1993 to the claimed Schedule C deductions at issue.

Section 162(a) generally allows a deduction for ordinary and necessary expenses paid during the taxable year in carrying on a trade or business.  The determination of whether an expenditure

---

[5]Not all of the documentary evidence on which petitioners rely establishes that petitioners paid the expenditures to which that evidence relates.  For example, petitioners introduced carbon copies of the front, and not the back, of certain checks. By way of further illustration of documentary evidence on which we are unwilling to rely is a check that was endorsed on the back by the payee and immediately thereunder reendorsed by Mr. Petty. Under Mr. Petty's endorsement appears petitioners' bank account number.  Finally, the documentary evidence proffered by petitioners included certain invoices which do not indicate that the sales described in such invoices were made to, and paid by, petitioners.

satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943). In general, an expense is ordinary if it is considered normal, usual, or customary in the context of the particular business out of which it arose. See Deputy v. du Pont, 308 U.S. 488, 495 (1940). Ordinarily, an expense is necessary if it is appropriate and helpful to the operation of the taxpayer's trade or business. See Commissioner v. Tellier, 383 U.S. 687, 689 (1966); Carbine v. Commissioner, 83 T.C. 356, 363 (1984), affd. 777 F.2d 662 (11th Cir. 1985).

With respect to the deductions for 1993 totaling $7,902 claimed in Schedule C for "Repair parts", respondent concedes that petitioners are entitled to deduct $5,214 of those claimed expenses. However, respondent contends that petitioners are not entitled to deduct the balance (i.e., $2,688) of those claimed Schedule C expenses because they have not shown that such expenses are ordinary and necessary expenses paid during 1993 in carrying on Mr. Petty's truck service business. Of the $2,688 of claimed Schedule C expenses for "Repair parts" that are at issue, petitioners have shown that during 1993 they paid only $183.59 of such claimed expenses.[6] We find on the instant record that

---

[6]Petitioners contend that the entire amount of the $183.59 of Schedule C expenses at issue for 1993 that we have found they paid during that year relates to, and is deductible as, "Repair parts". On the record presented, we reject that contention. For
(continued...)

petitioners have failed to establish that during 1993 they paid more than $183.59 of the claimed Schedule C expenses for "Repair parts" that are at issue. We further find on the record before us that petitioners have failed to establish that the $2,688 of Schedule C expenses at issue claimed as deductions for 1993 for "Repair parts" are ordinary and necessary expenses paid during that year in carrying on Mr. Petty's truck service business.

Based on our examination of the entire record before us, we find that petitioners have failed to prove that they are entitled for 1993 to deduct under section 162(a) $2,688 of their claimed Schedule C expenses for "Repair parts" that remain at issue or any other amount in excess of that conceded by respondent.

With respect to the deductions for 1993 totaling $3,748 claimed in Schedule C for "Repairs and maintenance", respondent concedes that petitioners are entitled to deduct $865 of those claimed expenses. However, respondent contends that petitioners are not entitled to deduct the balance (i.e., $2,883) of those claimed Schedule C expenses because they have not shown that such expenses are ordinary and necessary expenses paid during 1993 in carrying on Mr. Petty's truck service business. On the record before us, we agree with respondent.

We note initially that the documentary evidence on which

---

[6](...continued)
example, two such claimed paid expenses are for keys and one such claimed expense is for a membership fee in a tax association.

petitioners rely to establish their entitlement to deduct for 1993 the expenses remaining at issue that they claimed in Schedule C for "Repairs and maintenance" shows that they paid amounts during 1993 totaling $5,020.68. However, petitioners claimed a deduction in Schedule C for "Repairs and maintenance" of only $3,748, of which, as noted above, respondent conceded $865 at trial, leaving only $2,883 which remains at issue. Furthermore, the documentary evidence on which petitioners rely to support their entitlement to deduct for 1993 the $2,883 of claimed Schedule C expenses for "Repairs and maintenance" that remain at issue included a number of checks which do not even involve or relate to repair and/or maintenance expenses.[7] On the instant record, we find that petitioners have failed to establish that the entire amount of $5,020.68 that the record establishes they paid during 1993 relates to "Repairs and maintenance". We further find on the record before us that petitioners have failed to prove that such paid amounts are ordinary and necessary expenses paid during 1993 in carrying on Mr. Petty's truck

---

[7]For example, three of the checks petitioners introduced into evidence to substantiate their claimed Schedule C expenses for "Repairs and maintenance" represent amounts paid for car titles and registrations; two of such checks represent amounts paid for ads; and four of such checks represent amounts paid for items not established by the record. In this connection, Mr. Petty indicated at trial that a number of the checks introduced by petitioners with respect to the deductions claimed in Schedule C for "Repairs and maintenance" represented "a bunch of checks as an afterthought, that I put in here."

service business.[8]

Based on our examination of the entire record before us, we find that petitioners have failed to prove that they are entitled for 1993 to deduct under section 162(a) $2,883 of their claimed Schedule C expenses for "Repairs and maintenance" that remain at issue or any other amount in excess of that conceded by respondent.

With respect to the deductions for 1993 totaling $6,205 claimed in Schedule C for depreciation, respondent concedes that petitioners are entitled under section 167(a) to deduct $2,055. However, respondent contends that petitioners are not entitled to deduct the remaining amount (i.e., $4,150) of claimed Schedule C depreciation. Section 167(a) allows a deduction for a reasonable allowance for the exhaustion, wear and tear, and obsolescence of property used in a trade or business or held for the production of income. The basis on which a depreciation deduction is allowable with respect to any property under section 167(a) is the adjusted basis of the property, determined under section 1011 for the purpose of determining gain on the sale or other disposition of such property. See sec. 167(c). Petitioners introduced no evidence to support the $4,150 of claimed Schedule C deprecia-

---

[8]We also find on the record presented that petitioners have failed to establish that the $5,020.68 of expenses that the documentary evidence introduced at trial establishes they paid did not include amounts of expenses conceded by respondent as deductible Schedule C expenses.

tion deductions at issue for 1993 other than Mr. Petty's testimony that "my Schedule C was filled out by my accountant, and I stand by [that] as correct."[9]

Based on our examination of the entire record before us, we find that petitioners have failed to prove that they are entitled for 1993 to deductions under section 167(a) for $4,150 of their claimed Schedule C depreciation deductions that remain at issue or any other amount in excess of that conceded by respondent.

At trial, petitioners raised a new issue with respect to the purchase of a truck and a trailer, which they contend they purchased in 1993. Although petitioners do not claim a specific total dollar amount for any deductions with respect to that purchase, it is our understanding that petitioners are claiming depreciation on the truck and the trailer and all of the expenses that they paid during their round trip from Alaska to Texas.[10] Mr. Petty initially testified that the purchase price of the truck and the trailer was approximately $40,000. He thereafter testified that he did not remember the purchase price of the

---

[9]Assuming arguendo that petitioners had established that the properties on which they are claiming the Schedule C depreciation deductions at issue for 1993 were used in a trade or business or held for the production of income during that year, we find on the instant record that petitioners have failed to prove their respective bases in any such properties for 1993.

[10]Mr. Petty indicated at trial that he wanted to claim "All the expenses that went [sic] involved in the going to Texas, and the truck and trailer in service in '93, whatever that is".

truck and the trailer.  The only documentary evidence petitioners submitted with respect to the purchase in question was a check dated January 7, 1994 (check), in the amount of $500 that was payable to Bledsoe Ford.  The signature line on that check bore the name "Larry Petty", and a notation on the check stated: "down on 93 F350".  Petitioners contend that the check was for the purchase of the extended warranty on the truck and not for the purchase of the truck itself.  On the record before us, we find that petitioners have failed to establish that they paid specified amounts of expenses during their round trip from Alaska to Texas, that any such amounts were paid in 1993, that any such amounts were for ordinary and necessary expenses paid in 1993 in carrying on any trade or business of Mr. Petty or petitioners, and that any such amounts were not already included as part of the expenses conceded by respondent.  We further find on the instant record that petitioners have failed to establish their entitlement for 1993 to any deduction for depreciation under section 167(a) with respect to their purchase in Texas of a truck and a trailer.

Based on our examination of the entire record before us, we find that petitioners have failed to prove that they are entitled for 1993 to deductions under sections 162(a) and 167(a) in excess of any such deductions conceded by respondent with respect to amounts that they claim they paid during their round trip from

Alaska to Texas and for the purchase of a truck and a trailer in Texas.

Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file timely a tax return. The addition to tax does not apply if the failure is due to reasonable cause and not to willful neglect. See sec. 6651(a)(1). Petitioners' joint return for 1993 was received by respondent on April 9, 1997. Petitioners introduced no evidence and advanced no contentions at trial regarding respondent's determination to impose for 1993 the addition to tax under section 6651(a)(1). On the instant record, we find that petitioners have failed to carry their burden of establishing that they are not liable for 1993 for the addition to tax under section 6651(a)(1).

We have considered all of the arguments and contentions of petitioners that were advanced at trial, which are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing and the concessions of the parties,

Decision will be entered under Rule 155.