T.C. Memo. 2001-239


UNITED STATES TAX COURT


ESTATE OF HAINES B. GAFFNER, DECEASED, MARY ELLEN GAFFNER,
PERSONAL REPRESENTATIVE, Petitioner <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent

MARY ELLEN GAFFNER, Petitioner <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent


Docket Nos. 5522-00, 5523-00.    Filed September 14, 2001.


Mary Ellen Gaffner, personal representative at docket No.

5522-00 and pro se at docket No. 5523-00.

<u>Robert S. Scarbrough</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


CHIECHI, <u>Judge</u>:  Respondent determined deficiencies in, and

additions to, Federal income tax (tax), as follows:

Haines B. Gaffner, Deceased

|       |            | Addition to Tax Under | | |
|-------|------------|--------------------|-----------------|-----------|
| Year  | Deficiency | Sec. 6651(a)(1)[1] | Sec.6651(a)(2)  | Sec. 6654 |
| 1992  | $75,428.00 | $15,797.25         | --              | $3,289.81 |
| 1993  | 94,418.00  | 18,622.00          | --              | 3,028.21  |
| 1994  | 99,382.00  | 19,624.25          | --              | 3,952.91  |
| 1995  | 110,823.00 | 22,236.50          | --              | 4,691.07  |
| 1996  | 146,782.00 | 31,279.73          | *               | 7,353.55  |

*The addition to tax under sec. 6651(a)(2) is calculated as .5 percent of the amount shown as tax in the tax return if the failure to pay such tax on or before the date prescribed for payment of such tax is not for more than 1 month, with an additional .5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

Mary Ellen Gaffner

|       |            | Addition to Tax Under | | |
|-------|------------|-------------------|-----------------|-----------|
| Year  | Deficiency | Sec. 6651(a)(1)   | Sec. 6651(a)(2) | Sec. 6654 |
| 1992  | $38,043.00 | $6,451.00         | --              | $1,659.25 |
| 1993  | 44,705.00  | 6,194.00          | --              | 945.31    |
| 1994  | 48,761.00  | 6,968.75          | --              | 1,326.05  |
| 1995  | 49,707.00  | 6,957.75          | --              | 1,377.26  |
| 1996  | 190,063.00 | 41,017.73         | *               | 9,657.13  |

*The addition to tax under sec. 6651(a)(2) is calculated as .5 percent of the amount shown as tax in the tax return if the failure to pay such tax on or before the date prescribed for payment of such tax is not for more than 1 month, with an additional .5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

The issues remaining for decision are:

1.  Do petitioners[2] have rental income for 1996 in an amount that is less than the amount determined by respondent?  We hold that they do not.

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]We shall refer collectively to the petitioner in each of these consolidated cases as petitioners.

2.    Are petitioners entitled to deduct for 1996 claimed rental expenses of $98,103.07?  We hold that they are not.

3.    Are petitioners entitled to deduct for 1992, 1993, 1994, 1995, and 1996 claimed legal, interest, and/or other expenditures totaling $59,130.12, $64,014.86, $105,679.24, $123,232.28, and $131,633, respectively?  We hold that they are not.

4.    Are petitioners entitled to deduct for 1996 depreciation in excess of the amount conceded by respondent?  We hold that they are not.

5.    Do petitioners have for each of the years at issue a total amount of credits for withholding and estimated tax payments in excess of the total amount of such credits determined by respondent for each such year?  We hold that they do not.

6.    Are petitioners liable for each of the years at issue for the addition to tax under section 6651(a)(1) and for 1996 for the addition to tax under section 6651(a)(2)?  We hold that they are.

7.    Are petitioners liable for each of the years at issue for the addition to tax under section 6654?  We hold that they are.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Certain other facts are deemed admitted pursuant to Rule 90(c).

At the time the respective petitions in these cases were filed, Mary Ellen Gaffner (Ms. Gaffner), the personal representative of the Estate of Haines B. Gaffner, Deceased (Mr. Gaffner), in the case at docket No. 5522-00, and the petitioner in the case at docket No. 5523-00, resided in Seattle, Washington.

During the years at issue, Mr. Gaffner (until his death in 1996) and Ms. Gaffner, who were married, owned an 18-unit apartment complex located at 900 Warren Avenue North, Seattle, Washington (Warren Avenue rental property). During 1996, petitioners received rent from the Warren Avenue rental property totaling $108,000.

During 1996, Ms. Gaffner, either in her individual capacity or in her capacity as executrix of the estate of Mr. Gaffner, paid the following attorneys the amounts shown:

| Attorney | Amount Paid |
|---|---|
| Donald A. Bailey | $12,116.59 |
| Hillis, Clark, Martin & Peterson | 12,367.50 |
| Shafer & Bailey | 8,426.00 |
| Wilton S. Viall III | 4,000.00 |

On February 2, 1996, First Interstate Bank of Washington, N.A. (First Interstate Bank) paid a $10,000 check to Continental Mortgage Company that was signed by Mr. Gaffner and that was drawn on his account at that bank. A notation on that check stated: "DEPOSIT ON HIGHLAND HOUSE MORTGAGE APPLICATION".

On April 19, 1996, Mr. Gaffner and Ms. Gaffner requested

First Interstate Bank to wire $50,000 to J.D.I. Realty, L.L.C. (J.D.I. Realty). First Interstate Bank complied with that request and wired that amount to that company, for which it charged them a $15 wire-transfer fee.

On February 10, 2000, respondent mailed to "HAINES B. GAFFNER (DECD)" a notice of deficiency (notice) for taxable years 1992 through 1994 and a separate notice for taxable years 1995 and 1996. On the same date, respondent mailed to Ms. Gaffner a notice for taxable years 1992 through 1994 and a separate notice for taxable years 1995 and 1996.

## OPINION

Petitioners bear the burden of proving that the determinations in the respective notices issued to them are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). With respect to the deductions claimed by petitioners, deductions are strictly a matter of legislative grace, and petitioners bear the burden of proving that they are entitled to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

In support of their respective positions on all the issues in these cases except the additions to tax, petitioners rely on the testimony of Ms. Gaffner's son, Gary Gaffner, and on a document (petitioners' document) that the Court allowed petitioners to introduce into the record at the trial in these cases solely as a document representing petitioners' claims with

respect to those issues. Petitioners introduced no evidence into the record with respect to the additions to tax under sections 6651(a) and 6654.

With respect to the testimony of Gary Gaffner, we found his testimony to be general, vague, conclusory, and/or confusing in certain material respects. We are not required to, and we shall not, rely on Gary Gaffner's testimony to establish petitioners' respective positions on the issues that remain in these cases. See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

With respect to petitioners' document, we found that document to be for the most part nothing more than a conclusory document reflecting the respective positions of petitioners on the various issues (except for the additions to tax) that remain in these cases. Although petitioners' document establishes that during 1996 Mr. Gaffner and/or Ms. Gaffner paid certain amounts that petitioners are claiming as deductions for that year, that document does not establish the respective purposes of those payments.[3] We are not required to, and we shall not, rely on

---

[3]In this regard, Ms. Gaffner made some of those payments during 1996 to certain attorneys. However, neither petitioners' document nor the testimony of Gary Gaffner establishes the nature of the legal services performed and/or the nature of the expendi-
(continued...)

petitioners' document to establish petitioners' respective positions on the various issues that remain in these cases.

Claimed Rental Income for 1996

Petitioners contend that they have rental income for 1996 from the Warren Avenue rental property of $88,744.73, and not $108,000 as determined by respondent. On the record before us, we reject petitioners' contention. We find on that record that petitioners have failed to carry their burden of showing that during 1996 they received only $88,744.73 of rental income from the Warren Avenue rental property.[4]

Claimed Rental Deductions for 1996

Petitioners contend that they are entitled to deduct for 1996 rental expenses totaling $98,103.07. On the record before us, we reject petitioners' contention. We find on that record that petitioners have failed to carry their burden of showing that they are entitled to deduct for 1996 a total of $98,103.07 as rental expenses.

Other Deductions Claimed for the Years at Issue

Petitioners contend that they are entitled to deduct for each of the years at issue the following amounts which they

_____

[3](...continued)
tures incurred by those attorneys.

[4]We note that, pursuant to Rule 90(c), petitioners are deemed to have admitted that during 1996 they received $108,000 of rental income from the Warren Avenue rental property.

contend are interest payments:

| Year | Alleged Interest Payment |
|------|--------------------------|
| 1992 | $59,130.12 |
| 1993 | 64,014.86 |
| 1994 | 105,679.24 |
| 1995 | 123,232.28 |
| 1996 | 34,707.91 |

Petitioners also contend that they are entitled to deduct for 1996 (1) $36,910.09 that Ms. Gaffner paid to certain attorneys, (2) $10,000 that Mr. Gaffner paid to Continental Mortgage Company, and (3) $50,015, $50,000 of which they paid, via a bank wire of their funds, to J.D.I. Realty, and $15 of which they paid to First Interstate Bank as a fee for that wire transfer. On the record before us, we reject petitioners' contentions.

We turn first to the amounts totaling $36,910.09 that we have found Ms. Gaffner paid during 1996 to certain attorneys. On the instant record, we find that petitioners have failed to establish the nature of the services performed and/or the nature of the expenditures incurred by those attorneys. On the record before us, we find that petitioners have failed to carry their burden of showing that the amounts totaling $36,910.09 that Ms. Gaffner paid to various attorneys during 1996 constitute expenses deductible for that year under section 162(a), section 212, or any other section of the Code.

We turn next to the $10,000 that we have found Mr. Gaffner paid during 1996 to Continental Mortgage Company and the $50,015

that we have found Mr. Gaffner and Ms. Gaffner paid during that year, $50,000 of which they wired to J.D.I. Realty and $15 of which they paid to First Interstate Bank as a wire-transfer fee. On the instant record, we find that petitioners have failed to establish the purposes for which the respective payments were made to Continental Mortgage Company and to J.D.I. Realty.[5]  On the record before us, we find that petitioners have failed to carry their burden of showing that the respective amounts of $10,000, $50,000, and $15 paid during 1996 to Continental Mortgage Company, J.D.I. Realty, and First Interstate Bank are deductible for that year under section 162(a), section 212, or any other section of the Code.

We turn now to the respective amounts of $59,130.12, $64,014.86, $105,679.24, $123,232.28, and $34,707.91 that petitioners contend are interest payments that they made to Commercial Bank during 1992, 1993, 1994, 1995, and 1996.[6]  On the instant record, we find that petitioners have failed to carry their burden of establishing (1) that during each of the years at

---

[5]The purpose of the $50,000 payment during 1996 that Mr. Gaffner and Ms. Gaffner made, via a bank wire of their funds, to J.D.I. Realty governs the deductibility of the $15 fee that they paid to First Interstate Bank for that wire transfer.

[6]At trial, respondent conceded that petitioners are entitled for 1996 to interest deductions of $36,547.14 and $77,747.58 with respect to mortgage interest that they paid during that year to Lornty Investment Co. and SFG Data Mortgage Servicing, Inc., respectively.

issue they had a loan outstanding from Commercial Bank and (2) that during each such year they made an interest payment on any such alleged loan.[7]  On the record before us, we find that petitioners have failed to carry their burden of showing that they are entitled for the years at issue to the respective interest deductions that they are claiming for such years for alleged interest payments to Commercial Bank.

Claimed Depreciation Deduction for 1996

Petitioners contend that they are entitled to deduct for 1996 depreciation of $22,403.18.  Respondent concedes on brief they are entitled to deduct for that year $5,295 of depreciation. On the instant record, we reject petitioners' contention that they are entitled to deduct for 1996 depreciation in excess of the amount conceded by respondent.  On the record before us, we find that petitioners have failed to carry their burden of showing that they are entitled to deduct for 1996 $17,108.18 of depreciation in addition to the $5,295 of depreciation for that year to which respondent conceded they are entitled.

Claimed Credits for Withholding and Estimated Tax Payments

Petitioners contend that they are entitled to the following

---

[7]Assuming arguendo that petitioners had established that during each of the years at issue they paid the amount they are claiming as interest on a loan from Commercial Bank, on the instant record, we find that petitioners have failed to establish that any such interest is deductible for each such year.  For example, any such interest could have been personal interest that is not deductible under sec. 163(h).

total amounts of credits for withholding and estimated tax
payments:

| Year | Total Amount of Credits Claimed |
|------|---------------------------------|
| 1992 | $60,798.52 |
| 1993 | 74,603.50 |
| 1994 | 76,693.55 |
| 1995 | 43,755.09 |
| 1996 | 15,524.82 |

On the record before us, we reject petitioners' contention.  We
find on that record that petitioners have failed to carry their
burden of showing that they are entitled for each of the years at
issue to a total amount of credits for withholding and estimated
tax payments in excess of the total amount of such credits
determined by respondent for each such year.

Additions to Tax Under Sections 6651(a) and 6654

Petitioners presented no evidence, and advance no argument,
with respect to the additions to tax under sections 6651(a) and
6654 that respondent determined.  On the record before us, we
find that petitioners have failed to show that they are not
liable for each of the years at issue for the additions to tax
under sections 6651(a)(1) and 6654.  On that record, we further
find that petitioners have failed to show that they are not
liable for 1996 for the addition to tax under section

6651(a)(2)[8].

We have considered all of the contentions and arguments of petitioners that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing and the concessions of the parties,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.

---

[8]The calculation for 1996 of the additions to tax under sec. 6651(a)(1) and (2) is subject to sec. 6651(c)(1).