**Gladys T. GEIGER, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 25214.**

United States Court of Appeals, Ninth Circuit.

April 7, 1971.

---

Morris Lavine (a), Los Angeles, Cal., for appellant.

Wm. M. Brown (a), Lee A. Jackson, Bennet N. Holander, Attys., U. S. Dept. of Justice, Johnnie M. Walter, Asst. Atty. Gen., Tax Division, K. Martin Worthy, Chief Counsel, Internal Revenue Service, Washington, D. C., for appellee.

Before KOELSCH and CARTER, Circuit Judges, and BYRNE,* District Judge.

PER CURIAM:

The Commissioner of Internal Revenue determined deficiencies in the income tax returns of Gladys Geiger for the years 1959, 1960 and 1961. The Tax Court affirmed and Geiger has appealed.

The Commissioner's determination was presumptively correct. Herbert v. C.I.R., 377 F.2d 65 (9th Cir. 1967). The burden rested upon the taxpayer to prove that she was entitled to business expense deductions in excess of those allowed by the Commissioner and that moneys she had received but had not reported were not taxable as income.

The taxpayer's evidence, however, consisted principally of her own testimony that the deductions she had claimed were correct and that the unreported amounts were not taxable to her in their entirety. She offered no business records, checks or receipts to prove that the sums claimed as deductions were actually spent and no documentary evidence to substantiate that any claimed expenditures were for a business purpose. Nor did she offer any explanation as to why she had not reported the moneys she admitted receiving.[1]

Geiger now maintains that her uncontradicted testimony, plus that of her accountant, sustained her burden and rebutted the presumption. However, evidence adduced by a taxpayer, even though uncontradicted, does not necessarily operate to overcome the presumption in favor of the Commissioner. Sharwell v. C. I. R., 419 F.2d 1057 (6th

---

* Honorable William M. Byrne, United States District Judge, Los Angeles, California, sitting by designation.

1. In addition to her own testimony, the taxpayer introduced the testimony of a tax accountant who prepared her tax returns for the years 1960 and 1961. He testified that he prepared the returns from the books and records the taxpayer furnished him and that he had no personal knowledge of any expenditures made by her. None of the books and records assertedly furnished him were produced. The Tax Court found that his testimony "adds nothing."

Cir. 1969); 9 Mertens, Law of Federal Income Taxation, § 50.61 (1965). At most it raises a factual issue. Wood v. C. I. R., 338 F.2d 602 (9th Cir. 1964). Here the Tax Court resolved that issue against the taxpayer. It concluded that the taxpayer's evidence was "so general and of such summary nature that we conclude for all three years in issue she has failed to sustain her burden of proof."

We are satisfied from our review of the entire record that the Tax Court's appraisal of the evidence, far from being "clearly erroneous," was fully warranted and that its judgment should be affirmed.

It is so ordered.