T.C. Memo. 2000-113


UNITED STATES TAX COURT


BOBBY B. SMATHERS AND KATHLEEN N. SMATHERS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5425-98.                    Filed March 30, 2000.


Bobby B. Smathers and Kathleen N. Smathers, pro sese.

David Delduco, for respondent.


MEMORANDUM OPINION


THORNTON, Judge:  By separate notices of deficiency dated December 18, 1997, respondent determined deficiencies in and additions to tax relating to petitioner husband's 1991, 1993, 1994, 1995, and 1996 Federal income taxes, and petitioner wife's 1993, 1994, 1995, and 1996 Federal income taxes.

After concessions,[1] the only issues for decision are:

(1) Whether we have authority under section 6512(b) to award a refund of petitioners' $2,045 overpayment for taxable year 1994.  We hold that we do not.

(2) Whether petitioners are entitled to a carryover credit from taxable year 1990 to taxable year 1991 in excess of the $152 that respondent has allowed.  We hold that they are not.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The parties have stipulated some of the facts, which are incorporated by this reference.  When they filed their petition, petitioners resided in Buford, Georgia.

Respondent received petitioners' 1990, 1991, and 1992 joint Federal income tax returns on or about September 29, 1993, April 6, 1995, and June 11, 1996, respectively.[2]  In addition,

_____

[1] Respondent concedes that petitioners have made overpayments for taxable years 1991, 1994, and 1995 in the amounts of $611, $2,045, and $26, respectively, and that petitioners are entitled to refunds of their 1991 and 1995 overpayments, subject to offset for other amounts that might be due to the United States.  Petitioners concede that they owe deficiencies of $778 and $674 for taxable years 1993 and 1996, respectively.  Respondent also concedes the additions to tax under secs. 6651(a)(1) and 6654 for both petitioners.

[2] Petitioners filed a Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return for
(continued...)

according to respondent's records, petitioners did not file their joint returns for taxable years 1993, 1994, 1995, and 1996 until they presented them to respondent's Appeals Office on January 14, 1999.

## 1. Authority To Award a Refund of Petitioners' 1994 Overpayment

As a result of excess Federal income tax withholdings, petitioners overpaid their 1994 Federal income taxes by $2,045. Respondent argues that we lack authority to award a refund.

Generally, this Court has jurisdiction to award a refund for overpayment of taxes that the taxpayer paid within one of two applicable look-back periods:  either (1) the 2 years before respondent issued the notice of deficiency, or (2) the 3 years before the taxpayer filed his or her return.  See secs. 6511(b)(2)(A) and (B), 6512(b)(3)(B); Commissioner v. Lundy, 516 U.S. 235, 241-242 (1996).  If the taxpayer does not file a return before the notice of deficiency is issued, the 2-year look-back period applies.  See secs. 6511(b)(2)(B), 6512(b)(3); Commissioner v. Lundy, supra at 243.

Petitioners assert that they filed their 1994 joint Federal income tax return on April 6, 1995, before the issuance of the notices of deficiency on December 18, 1997.  Respondent, however,

---

²(...continued)
1992, on April 14, 1993.  When respondent received petitioners' 1992 joint Federal income tax return, it was untimely.

has no record of receiving petitioners' 1994 return before January 14, 1999.

Petitioners presented no documentation, such as a registered or certified mail receipt, as to the filing of their 1994 return. Petitioner husband's testimony about mailing petitioners' 1994 joint return was vague, as he was unable to recall even whether he mailed it from North Carolina or Georgia. Moreover, the record shows that petitioners are chronic late filers of their Federal income tax returns, which weighs against their credibility in this regard. We conclude and hold that petitioners have failed to prove that they mailed their 1994 joint Federal income tax return before the notices of deficiency were issued.

Consequently, the 2-year look-back period of section 6511 applies, and petitioners are entitled to a refund only of taxes paid within the 2 years immediately prior to the date the notices of deficiency were mailed. See secs. 6511(a) and (b)(2)(B); Commissioner v. Lundy, supra at 243.

Petitioners' 1994 Federal tax withholdings are deemed paid on April 15, 1995, see secs. 6513(a) and (b)(1), more than 2 years before December 18, 1997, when respondent issued the notices of deficiency. Thus, we lack authority to award petitioners a refund of their 1994 overpayment. See id.

2.  Carryover Credit From Taxable Year 1990 to Taxable Year 1991

On their late-filed 1990 Federal income tax return, petitioners showed a $7,631 overpayment, which they requested be applied to their 1991 estimated tax.  Consistent with this position, on their late-filed 1991 Federal income tax return, petitioners claimed $7,631 as "1991 estimated tax payments and amount applied from 1990 return".

Respondent's certificate of assessments and payments for petitioners' 1990 taxable year, by contrast, shows that petitioners overpaid their 1990 joint Federal income taxes by only $1,028, $876 of which respondent transferred to cover petitioners' unpaid 1989 Federal income tax liabilities, additions to tax, and interest.  Respondent transferred a carryover credit of the remaining overpayment of $152 from taxable year 1990 to petitioners' 1991 accounts.  Respondent contends that petitioners are entitled to no additional carryover credit from 1990 to 1991.

The difference between the $7,631 overpayment claimed by petitioners on their 1990 return and the $1,028 overpayment reflected in respondent's records is attributable to $6,603 claimed on petitioners' 1990 joint Federal income tax return as "1990 estimated tax payments and amount applied from 1989

return". Respondent's records do not reflect any amount of 1990 estimated tax payments; nor do they reflect any carryover credit from 1989 to 1990. To the contrary, as previously discussed, respondent carried back a portion of petitioners' 1990 overpayment to satisfy petitioners' unpaid 1989 Federal tax liabilities.

Petitioners have failed to establish that they are entitled to a carryover credit from 1990 to 1991 in excess of $152. See Rule 142(a). In particular, there is no evidence in the record that petitioners actually made 1990 estimated tax payments or had any amount available as a carryover from taxable year 1989, to give rise to the claimed carryover from taxable year 1990. As evidence, petitioners offered only petitioner husband's very general and uncorroborated testimony, which we find inadequate to substantiate their claims. Cf. Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Barber v. Commissioner, T.C. Memo. 1999-260. Accordingly, we sustain respondent's determination on this issue.

To reflect the foregoing and concessions by the parties,

Decision will be entered
under Rule 155.