T.C. Summary Opinion 2006-107

UNITED STATES TAX COURT

ROSE M. MUNOZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7518-05S.                 Filed July 17, 2006.

Rose M. Munoz, pro se.

Vivian N. Rodriguez, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2003 a deficiency in petitioner's Federal income tax of $3,190. After concessions,[1] the issues for decision are: (1) Whether petitioner received unreported nonemployee compensation of $14,300, and (2) whether petitioner worked as an independent contractor subject to self-employment tax.

## Background

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Miami, Florida. Petitioner is a native Spanish speaker who does not speak or understand English. Her daughter acted as her interpreter at trial.

During 2003, petitioner worked as an independent contractor doing packing work for Selected Trading Corporation (STC). Petitioner's job involved opening boxes containing the items, packaging them, sealing them into bags, and then putting a price on them. Petitioner packaged items such as hair accessories, and she was paid on a piecework basis.

---

[1]Petitioner concedes: (1) Her correct filing status is married filing separately; (2) she is not entitled to a dependency exemption deduction; and (3) she is not entitled to an earned income credit.

Petitioner filed a 2003 Form 1040, U.S. Individual Income Tax Return, on which she reported wages of $0, business income of $4,964 from STC, and adjusted gross income of $4,613. Respondent received a Form 1099-MISC, Miscellaneous Income, from Advance Cargo Corporation (ACC), reporting that $14,300 in nonemployee compensation was paid to petitioner. The Form 1099-MISC bears petitioner's correct Social Security number but the wrong middle initial.

On March 31, 2005, respondent issued to petitioner a statutory notice of deficiency determining that petitioner had unreported nonemployee compensation of $14,300 for services rendered to ACC.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[2] Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner contends that she did not receive any unreported nonemployee compensation, because she has never worked for ACC in any capacity. She testified that the only job she held in 2003 was with STC.

---

[2]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

Respondent contends that petitioner worked as an independent contractor for ACC during 2003 and that petitioner received compensation in cash.  Respondent called Gabriella Olivera (Olivera), owner and president of ACC in 2003, as a witness. Olivera's job was to interact with customers and to oversee the company.

According to Olivera, ACC is a freight forwarder.  Its business is to load cargo into containers and to ship them to South and Central America.  Ninety percent of the cargo shipped by ACC was computer parts.  ACC employed both full-time employees and independent contractors in its warehouse.  The workers were responsible for counting, repacking, loading, and wrapping the computer parts.  Independent contractors were paid in cash and were generally hired during periods of "high season" to assist with the loading of the containers.  ACC employed between 20 and 30 employees and independent contractors in 2003.

Two people from ACC's administration, together with an accountant, maintained the books and records of ACC.  The accountant prepared and sent out Forms 1099-MISC for 2003, based on information provided by ACC during the end of the year. Olivera testified that, because petitioner was paid $14,300 in cash by ACC in 2003, ACC issued a Form 1099-MISC to petitioner in 2003.

In addition to Olivera's testimony and the Form 1099-MISC for 2003, respondent presented a copy of a signed Non-Employee Written Contract between petitioner and ACC (contract). In the contract, petitioner agreed that she was an independent contractor for ACC and that she was responsible for her estimated Federal income and self-employment taxes. Respondent also presented a fax dated June 8, 2005, with petitioner's notarized signature, in which petitioner confirmed that she received a Form 1099-MISC for 2003 from ACC and that she worked at ACC in 2003.

At trial, petitioner testified that she did not work for ACC, claiming that her Social Security number was stolen and that her identity was used by someone else who worked at ACC. Petitioner argued that the name on the Form 1099-MISC, "Rosemary D. Munoz", was incorrect. Petitioner's name is "Rose Mary Munoz", while "Rosemary D. Munoz" was her daughter. The Court finds that is likely to be a clerical error rather than an indication of identity theft.

After respondent notified petitioner of the unreported income, petitioner granted several individuals, including an Orlando Rego (Rego), powers of attorney to help "investigate" the alleged identity theft. Petitioner testified that Rego had her sign some documents, but she did not read them because she did not understand English. Petitioner further testified that Rego

covered the documents so that the only thing that she saw was a little check mark and the line for her to sign.

Petitioner essentially argues that while the signatures on the contract and the fax are hers, as a result of Rego's actions, she had no knowledge of the content in either document. Generally, a taxpayer cannot avoid the duty of filing accurate returns by placing responsibility on an agent. Pritchett v. Commissioner, 63 T.C. 149, 174 (1974). Moreover, the Court is not required to accept petitioner's self-serving testimony. Geiger v. Commissioner, 440 F.2d 688 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; see Transp. Labor Contract/Leasing, Inc. v. Commissioner, 123 T.C. 154, 187 (2004). To the extent that respondent has the burden of producing information with respect to the Form 1099-MISC pursuant to section 6201(d), respondent has satisfied that burden.

Other evidence weighs in favor of a finding that petitioner was an independent contractor for ACC in 2003. In 2003, petitioner lived with her teenage daughter and 85-year-old mother. Petitioner testified that, in 2003, their income derived primarily from: (1) Her independent contractor job at STC, with an annual income of $4,963.51, and (2) her mother's Social Security income, with an annual income of approximately $3,600. On its face, a monthly income of approximately $700 appears insufficient to provide for a family of three in Miami.

Moreover, the Court notes that the type of work in which independent contractors engage at ACC is similar to the type of work that petitioner did at STC.  The Court, based on all of the evidence presented by petitioner and respondent, concludes that petitioner was an independent contractor for ACC in 2003.

Section 61(a) defines gross income for purposes of calculating taxable income as "all income from whatever source derived".  <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426, 429-431 (1955).

Section 1401 imposes a percentage tax on self-employment income of every individual.  See <u>Jackson v. Commissioner</u>, 108 T.C. 130 (1997).  Self-employment income is defined as "the net earnings from self-employment derived by an individual * * * during any taxable year".  Sec. 1402(b).  The term "net earnings from self-employment" is defined as "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions * * * which are attributable to such trade or business".  Sec. 1402(a).

Petitioner was self-employed as an independent contractor in 2003.  Accordingly, petitioner is liable for self-employment tax under section 1401 on the unreported nonemployee compensation received from ACC in 2003.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.