T.C. Memo. 2007-300

UNITED STATES TAX COURT

BENJAMIN O. & LINDA L. AGBANIYAKA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8340-06.　　　　　　　Filed October 2, 2007.

Benjamin O. Agbaniyaka and Linda L. Agbaniyaka, pro sese.

Theresa G. McQueeney, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:　Respondent determined the following deficiencies in, and accuracy-related penalties under section 6662(a)[1] on, petitioners' Federal income tax (tax):

[1]All section references are to the Internal Revenue Code (Code) in effect for the years at issue.　All Rule references are to the Tax Court Rules of Practice and Procedure.

| Year | Deficiency | Accuracy-Related Penalty Under Sec. 6662(a) |
|------|-----------|---------------------------------------------|
| 2001 | $3,301 | $660.20 |
| 2002 | $3,727 | $745.40 |
| 2003 | $2,137 | $427.40 |
| 2004 | $1,600 | $320.00 |

The issues remaining for decision are:

(1) Are petitioners entitled to deduct for each of their taxable years 2002 through 2004 certain claimed unreimbursed employee expenses?  We hold that they are not.

(2) Are petitioners entitled for each of their taxable years 2001 through 2004 to a net loss shown in Schedule C, Profit or Loss From Business, with respect to a claimed arts and crafts business?  We hold that they are not.

(3) Are petitioners entitled to deduct for their taxable year 2003 certain claimed student loan interest?  We hold that they are not.

(4) Are petitioners liable for each of their taxable years 2001 through 2004 for the accuracy-related penalty under section 6662(a)?  We hold that they are.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time petitioners filed the petition in this case, they resided in Valley Stream, New York.

During the years at issue, petitioner Benjamin O. Agbaniyaka (Mr. Agbaniyaka), who holds a master's degree in accounting with

a concentration in taxation from Long Island University, was employed full time by the Internal Revenue Service as a revenue agent. At all relevant times, Mr. Agbaniyaka was familiar with the requirements of section 6001.

During the years 2001 through 2003, the State of New York correctional system employed petitioner Linda L. Agbaniyaka (Ms. Agbaniyaka). In 2003, Ms. Agbaniyaka was diagnosed with a tumor behind her right eye. During that year, Ms. Agbaniyaka stopped working for the State of New York correctional system.

Petitioners began to report in Schedule C, Profit or Loss From Business (Schedule C), for their taxable year 1988 income and/or expenses with respect to certain activities relating to African arts and crafts (claimed arts and crafts business). As part of those activities, Mr. Agbaniyaka traveled to various trade shows across the United States. In 1996, after Mr. Agbaniyaka suffered a heart attack, his doctor advised him to limit his traveling. Mr. Agbaniyaka followed his doctor's advice and ceased traveling long distances, including traveling to various trade shows across the United States. In 2002, Mr. Agbaniyaka was diagnosed with sleep apnea, which made it danger-ous for him to drive. At all relevant times, Mr. Agbaniyaka also limited his traveling in order to care for petitioners' autistic daughter.

During each of the years 2001 through 2004, Mr. Agbaniyaka

maintained a checking account for his claimed arts and crafts business (claimed business checking account), even though that account had a zero balance. At least during each of the years 2001, 2002, and 2003, Mr. Agbaniyaka paid certain bank service charges to maintain the claimed business checking account.

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return (return), for each of their taxable years 2001 (2001 return), 2002 (2002 return), 2003 (2003 return), and 2004 (2004 return). Petitioners included Schedule A-Itemized Deductions (Schedule A) as part of the 2001 return (2001 Schedule A), the 2002 return (2002 Schedule A), the 2003 return (2003 Schedule A), and the 2004 return (2004 Schedule A). Petitioners also included Schedule C as part of the 2001 return (2001 Schedule C), the 2002 return (2002 Schedule C), the 2003 return (2003 Schedule C), and the 2004 return (2004 Schedule C). In each such Schedule C, petitioners showed the "Principal business or profession, including product or service" as "AFRICAN ARTS & CRAFT"[2] and the "Business name" as "WAND AFRICA CONTEMPORARY IMPORTS".

In the 2001 Schedule A, petitioners claimed under the heading "Job Expenses and Most Other Miscellaneous Deductions" $4,792 of "Unreimbursed employee expenses" (unreimbursed employee expenses), which they identified in that schedule as "UNION DUES

---

[2]In the 2002 Schedule C, petitioners showed the "Principal business or profession, including product or service" as "AFRICAN ARTS, CRAFTS".

JOURNALS DUES". As required by section 67(a), petitioners reduced those expenses by two percent of their adjusted gross income (i.e., by $1,631). In determining the taxable income reported in their 2001 return, petitioners deducted the balance (i.e., $3,161), as well as the other itemized deductions claimed in the 2001 Schedule A that were not subject to the two-percent floor imposed by section 67(a).

In the 2002 Schedule A, petitioners claimed $2,300 of unreimbursed employee expenses, which they identified in that schedule as "EXPENSES". As required by section 67(a), petitioners reduced those expenses by two percent of their adjusted gross income (i.e., by $1,488). In determining the taxable income reported in their 2002 return, petitioners deducted the balance (i.e., $812), as well as the other itemized deductions claimed in the 2002 Schedule A that were not subject to the two-percent floor imposed by section 67(a).

In the 2003 Schedule A, petitioners claimed $2,300 of unreimbursed employee expenses, which they identified in that schedule as "UNION DUES ACCOUNTING JOU". As required by section 67(a), petitioners reduced those expenses by two percent of their adjusted gross income (i.e., by $1,716). In determining the taxable income reported in their 2002 return, petitioners deducted the balance (i.e., $584), as well as the other itemized deductions claimed in the 2003 Schedule A that were not subject

to the two-percent floor imposed by section 67(a).

In the 2004 Schedule A, petitioners claimed $2,300 of unreimbursed employee expenses, which they identified in that schedule as "UNION DUES, ACCOUNTING JOU". As required by section 67(a), petitioners reduced those expenses by two percent of their adjusted gross income (i.e., by $1,751). In determining the taxable income reported in their 2002 return, petitioners deducted the balance (i.e., $549), as well as the other itemized deductions claimed in the 2004 Schedule A that were not subject to the two-percent floor imposed by section 67(a).

In the 2001 Schedule C, petitioners made no entries in the section entitled "Income". In that schedule, petitioners claimed total expenses of $5,661 consisting of $2,496 for "Depreciation and section 179 expense deduction" with respect to a "RAM VAN" (Dodge van), $1,125 for "Insurance", and $2,040 for "Other expenses". Under "Other Expenses", petitioners claimed $240 for "BANK CHARGES", $200 for "GASOLINE EXPENSES", and $1,600 for "REPAIR OIL TIRES REGIST". In the 2001 Schedule C, petitioners claimed a net loss of $5,661. In determining the taxable income reported in their 2001 return, petitioners deducted that net loss.

In the 2002 Schedule C, petitioners claimed gross receipts or sales of $3,216, cost of goods sold of $15,500, and a negative gross income of $12,284. In that schedule, petitioners also

claimed total expenses of $2,948 consisting of $1,498 for "Depre-ciation and section 179 expense deduction" with respect to the Dodge van, $1,110 for "Insurance", and $340 for "Other expenses". Under "Other Expenses", petitioners claimed $240 for "BANK CHARGES", $50 for "GASOLINE", and $50 for "INSPECTION & TUNE UP". In the 2002 Schedule C, petitioners claimed a net loss of $15,232. In determining the taxable income reported in their 2002 return, petitioners deducted that net loss.

In the 2003 Schedule C, petitioners claimed gross receipts or sales of $1,372, cost of goods sold of $6,686, and a negative gross income of $5,314. In that schedule, petitioners also claimed total expenses of $2,310 consisting of $898 for "Depreci-ation and section 179 expense deduction" with respect to the Dodge van, $980 for "Insurance", and $432 for "Other expenses". Under "Other Expenses", petitioners claimed $262 for "BANK CHARGES", $50 for "GASOLINE", $50 for "INSPECTION & TUNE UP", and $70 for "REGISTRATION 140 TWO YRS". In the 2003 Schedule C, petitioners claimed a net loss of $7,624. In determining the taxable income reported in their 2003 return, petitioners de-ducted that net loss.

In the 2004 Schedule C, petitioners claimed gross receipts or sales of $200, cost of goods sold of $3,570, and a negative gross income of $3,370. In that schedule, petitioners also claimed total expenses of $3,013 consisting of $898 for "Depreci-

ation and section 179 expense deduction" with respect to the Dodge van, $860 for "Insurance", $1,100 for "Taxes and licenses", and $155 for "Other expenses". Under "Other Expenses", petitioners claimed $50 for "GASOLINE", $35 for "INSPECTION", and $70 for "REGISTRATION". In the 2004 Schedule C, petitioners claimed a net loss of $6,383. In determining the taxable income reported in their 2004 return, petitioners deducted that net loss.

In determining adjusted gross income for their taxable year 2003, petitioners claimed on page 1, line 26, of the 2003 return a "Tuition and fees deduction" (tuition and fees deduction) of $633.

On April 14, 2006, respondent issued to petitioners a notice of deficiency (notice) with respect to their taxable years 2001 through 2004. In that notice, respondent, inter alia, disallowed: (1) Petitioners' respective unreimbursed employee expenses of $4,792, $2,300, $2,300, and $2,300 claimed in the 2001 Schedule A, the 2002 Schedule A, the 2003 Schedule A, and the 2004 Schedule A; (2) $12,284 of the cost of goods sold claimed in the 2002 Schedule C, $5,314 of the cost of goods sold claimed in the 2003 Schedule C, and $3,370 of the cost of goods sold claimed in the 2004 Schedule C;[3] (3) petitioners' respective Schedule C

---

[3]Respondent allowed the cost of goods sold claimed in each of the 2002 Schedule C, the 2003 Schedule C, and the 2004 Schedule C to the extent that the claimed cost of goods sold equaled the gross receipts or sales reported in each such Schedule C.

expenses of $5,661, $2,938, $2,310, and $3,013 claimed in the 2001 Schedule C, the 2002 Schedule C,[4] the 2003 Schedule C, and the 2004 Schedule C; and (4) the tuition and fees deduction of $633 claimed in the 2003 return. In the notice, respondent also determined that petitioners are liable for each of their taxable years 2001 through 2004 for the accuracy-related penalty under section 6662(a).

OPINION

Petitioners bear the burden of proving error in the determinations for each of their taxable years 2001 through 2004 that remain at issue.[5] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Before turning to the issues presented, we shall summarize certain principles applicable to certain of those issues and evaluate the evidence on which petitioners rely.

Certain Applicable Principles

Deductions are strictly a matter of legislative grace, and petitioners bear the burden of proving entitlement to any deduc-

---

[4]In disallowing petitioners' expenses claimed in the 2002 Schedule C, respondent disallowed all of the expenses claimed in that schedule except for $10 of petitioners' claimed "Insurance" expenses.

[5]Petitioners do not claim that the burden of proof shifts to respondent under sec. 7491(a). In any event, petitioners have failed to establish that they satisfy the requirements of sec. 7491(a)(1) and (2). On the record before us, we find that the burden of proof does not shift to respondent under sec. 7491(a).

tion claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84

(1992).  A taxpayer is required to maintain records sufficient to

establish the amount of any deduction claimed.  Sec. 6001; sec.

1.6001-1(a), Income Tax Regs.

Section 162(a) generally allows a deduction for ordinary and

necessary expenses paid or incurred during the taxable year in

carrying on any trade or business.[6]  The determination of whether

an expenditure satisfies the requirements for deductibility under

section 162 is a question of fact.  See Commissioner v.

Heininger, 320 U.S. 467, 475 (1943).  In general, an expense is

ordinary if it is considered normal, usual, or customary in the

context of the particular business out of which it arose.  See

Deputy v. du Pont, 308 U.S. 488, 495 (1940).  Ordinarily, an

expense is necessary if it is appropriate and helpful to the

operation of the taxpayer's trade or business.  See Commissioner

v. Tellier, 383 U.S. 687, 689 (1966); Carbine v. Commissioner, 83

T.C. 356, 363 (1984), affd. 777 F.2d 662 (11th Cir. 1985).

For certain kinds of expenses otherwise deductible under

section 162(a), such as business expenses relating to "listed

---

[6]If it is established that a taxpayer paid or incurred
ordinary and necessary expenses in carrying on a trade or busi-
ness and if sec. 274 does not apply to such expenses, we are
generally permitted to estimate the amount of deductible expenses
if we are convinced from the record that such expenses were paid
or incurred by the taxpayer and that we have a basis upon which
to make such an estimate.  Cohan v. Commissioner, 39 F.2d 540,
544 (2d Cir. 1930).

property", as defined in section 280F(d)(4), a taxpayer must satisfy substantiation requirements set forth in section 274(d) before such expenses will be allowed as deductions. See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). "Listed property" is defined in section 280F(d)(4) to include passenger automobiles and other property used as a means of transportation, unless excepted by section 280F(d)(4)(C) or (5)(B). See sec. 280F(d)(4)(A)(i) and (ii).

Evaluation of Evidence on Which Petitioners Rely

Petitioners rely on their own testimony in order to satisfy their burden of proof in this case. We found Mr. Agbaniyaka's testimony to be general, vague, conclusory, uncorroborated, self-serving, and/or questionable in certain material respects. We found Ms. Agbaniyaka's testimony to be general, conclusory, and self-serving in all material respects.[7] Under these circumstances, we are not required to, and we shall not, rely on Mr. Agbaniyaka's testimony and Ms. Agbaniyaka's testimony to establish petitioners' position with respect to any of the issues presented in this case. See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Shea v. Commissioner, 112 T.C. 183,

---

[7]The only testimony that Ms. Agbaniyaka gave in support of petitioners' position on the issues presented was that her husband's testimony is correct.

189 (1999).

Claimed Unreimbursed Employee Expenses

It is petitioners' position that, prior to the application of the two-percent floor imposed by section 67(a), they are entitled for each of their taxable years 2002 through 2004 to deduct the $2,300 of unreimbursed employee expenses that they claimed in each of the 2002 Schedule A, the 2003 Schedule A, and the 2004 Schedule A.[8]  According to petitioners, they paid that amount during each of those years for certain unidentified educational expenses of Mr. Agbaniyaka (claimed educational expenses)[9] and for certain unidentified union dues of Mr. Agbaniyaka and Ms. Agbaniyaka.

We turn first to petitioners' claimed educational expenses. Petitioners contend that during each of the years 2002 through 2004 Mr. Agbaniyaka attended a course on trusts and estates and certain other unidentified courses and that he paid certain unidentified expenses relating to those courses.  According to

[8]Respondent does not dispute Schedule A unreimbursed employee expenses that petitioners are claiming for their taxable year 2001.

[9]Although petitioners contend that the claimed educational expenses are for professional books, accounting journals, and transportation to and from certain schools, on the record before us, we find that petitioners have failed to carry their burden of establishing the names of those claimed professional books and accounting journals, the mode of transportation that petitioners contend Mr. Agbaniyaka used to travel to and from certain schools, and the respective amounts of those unidentified expenses.

petitioners, they are entitled for each of their taxable years 2002 through 2004 to a deduction under section 162(a) for those claimed expenses as unreimbursed employee expenses.

Expenses that a taxpayer incurs "in obtaining an education or in furthering his education are not deductible unless they qualify under section 162 and § 1.162-5." Sec. 1.262-1(b)(9), Income Tax Regs. Section 1.162-5(a), Income Tax Regs., provides that expenses relating to education are deductible as ordinary and necessary business expenses if that education

> (1) Maintains or improves skills required by the individual in his employment or other trade or business, or

> (2) Meets the express requirements of the individual's employer * * * imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.

The question whether education maintains or improves skills required by the individual in his employment is one of fact. Boser v. Commissioner, 77 T.C. 1124, 1131 (1981). The taxpayer must show that there was a direct and proximate relationship between the education and the skills required in the taxpayer's employment. Kornhauser v. United States, 276 U.S. 145, 153 (1928); Schwartz v. Commissioner, 69 T.C. 877, 889 (1978).

On the record before us, we find that petitioners have failed to carry their burden of establishing for each of their taxable years 2002 through 2004 (1) the nature of each of the claimed educational expenses, (2) the amount of each of those

expenses, (3) that Mr. Agbaniyaka paid or incurred each of the claimed educational expenses, and (4) that the courses that petitioners contend Mr. Agbaniyaka took maintained or improved the skills required in his employment as a revenue agent or that the Internal Revenue Service expressly required Mr. Agbaniyaka to attend any such courses.

On the record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled for each of their taxable years 2002 through 2004 to the deduction under section 162(a) that they claim for Mr. Agbaniyaka's educational expenses.[10]

We next consider petitioners' claimed union dues. On the record before us, we find that petitioners have failed to carry their burden of establishing for each of their taxable years 2002 through 2004 (1) that they were members of a union, (2) that they paid the claimed union dues, and (3) the amounts of any such dues.

---

[10]The record does not establish the mode of transportation that Mr. Agbaniyaka contends he used to travel to and from certain schools. Assuming arguendo that petitioners had established for each of their taxable years 2002 through 2004 the deductibility under sec. 162(a) of the claimed educational expenses and that the mode of transportation that Mr. Agbaniyaka used to attend certain courses was listed property within the meaning of sec. 280F(d)(4), petitioners would still have to satisfy the requirements of sec. 274(d) with respect to any claimed transportation expenses. On the record before us, we find that they have not done so. See sec. 274(d)(4); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

On the record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled for each of their taxable years 2002 through 2004 to the deduction under section 162(a) that they claim for union dues.

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled for each of their taxable years 2002 through 2004 to the deduction under section 162(a) that they claim for unreimbursed employee expenses.

Claimed Schedule C Net Loss

It is petitioners' position that they are entitled for each of their taxable years 2001 through 2004 to the Schedule C net loss that they claimed for each such year.  In support of that position, petitioners argue that they are entitled to (1) cost of goods sold of $12,284, $5,314, and $3,370 in excess of the amounts of cost of goods sold allowed by respondent for petitioners' respective taxable years 2002 through 2004;[11] (2) depreciation of $2,496, $1,498, $898, and $898 claimed for the Dodge van for petitioners' respective taxable years 2001 through 2004; (3) auto insurance premiums of $942, $942,[12] $917, and $860 claimed for petitioners' respective taxable years 2001 through

---

[11]See supra note 3.

[12]In the 2002 Schedule C, petitioners claimed insurance expenses totaling $1,110.  See supra note 4.

2004; (4) other expenses relating to the Dodge van of $1,800, $100, $170, and $155 claimed for petitioners' respective taxable years 2001 through 2004; (5) bank service charges of $240, $240, and $262 for petitioners' respective taxable years 2001 through 2003 and an unidentified amount of bank service charges for their taxable year 2004; (6) $183, $158,[13] and $63 of the total premiums for their homeowner's insurance policy for petitioners' respective taxable years 2001 through 2003; and (7) delinquent New York state sales tax of $1,100 claimed for petitioners' taxable year 2004.

In order for a taxpayer to be carrying on a trade or business within the meaning of section 162(a), the taxpayer must be involved in the activity with continuity and regularity. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). A sporadic activity will not qualify as carrying on a trade or business for purposes of section 162(a). Id. In addition, the taxpayer's primary purpose for carrying on the activity must be for income or profit. Id.

On the record before us, we find that petitioners have failed to carry their burden of establishing that during each of the years at issue Mr. Agbaniyaka was involved in his claimed arts and crafts business with continuity and regularity and that the primary purpose for the activities that he undertook with

[13]See supra note 12.

respect to that claimed business was for profit.  On that record, we find that petitioners have failed to carry their burden of establishing that during each of the years at issue Mr. Agbaniyaka was carrying on an arts and crafts business within the meaning of section 162(a).

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled for each of their taxable years 2001 through 2004 to the Schedule C net loss that they claim for each such year.[14]

_____

[14]Assuming arguendo that petitioners had carried their burden of establishing that during each of the years at issue Mr. Agbaniyaka was carrying on an arts and crafts business, they would still have to satisfy other applicable requirements in order to carry their burden of establishing their entitlement to the Schedule C net loss claimed for each such year.  With respect to the cost of goods sold that petitioners claim for each of their taxable years 2002 through 2004, on the record before us, we find that petitioners have failed to carry their burden of establishing the manner by which they derived the cost of goods sold claimed, the propriety of that manner, and the propriety of the amount that they claim.  With respect to the depreciation deduction that petitioners claim for the Dodge van for each of their taxable years 2001 through 2004, on the record before us, we find that petitioners have failed to carry their burden of establishing the propriety of the depreciation deduction claimed for each such year.  See, e.g., sec. 167(c) (Basis for Depreciation).  With respect to the expenses that petitioners claim for each of their taxable years 2001 through 2004 relating to the Dodge van (e.g., gasoline, repair, oil), which is listed property within the meaning of sec. 280F(d)(4)(A)(i), on the record before us, we find that petitioners have failed to carry their burden, inter alia, of establishing all of the elements that they must prove in order to satisfy the requirements under sec. 274(d). See sec. 274(d)(4); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  With respect to the
(continued...)

Claimed Student Loan Interest

It is petitioners' position that they are entitled to deduct student loan interest of $633 in determining adjusted gross income for their taxable year 2003. On brief, petitioners argue:

> Taxpayers contend that the $633.00 deduction which they claimed [as a tuition and fees deduction[15]] in 2003 on line 26 of their 1040 income tax return is in fact interest paid on student loans. The deduction was inadvertently entered on the wrong line and should have been deducted on line 25 of the tax. As interest paid on student loans, the item is an allowable deduction and should not be disallowed.

---

[14](...continued)
portion of the premium for their homeowner's insurance policy that they claim as a deduction for each of their taxable years 2001 through 2003, on the record before us, we find that petitioners have failed to carry their burden of establishing that they paid or incurred such premium, the manner by which they determined the claimed deductible portion of such premium, and the propriety of claiming a portion of such premium under sec. 162. With respect to the delinquent New York state sales tax that petitioners claim as a deduction for their taxable year 2004, on the record before us, we find that petitioners have failed to carry their burden of establishing the amount of such tax, that Mr. Agbaniyaka paid such tax, and the propriety of claiming such tax under sec. 162.

[15]Mr. Agbaniyaka incorrectly testified that "he did not take a tuition deduction" in petitioners' 2003 return. Petitioners claimed a tuition and fees deduction in the 2003 return and did not claim a student loan interest deduction in that return. With respect to the tuition and fees deduction that petitioners claimed in the 2003 return, respondent states on brief: "Petitioners paid the tuition and fee deduction amount of $633 for tax year 2003. Based on the Court's determination, a recomputation of the tuition and fees deduction for tax year 2003 will be required." It appears that the "Tuition and Fees Deduction Worksheet" for petitioners' taxable year 2003 that is included in the notice contains an error in that it does not list any "qualified tuition and fees * * * paid in 2003." The Court expects respondent to correct any such error in the computation under Rule 155.

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled to deduct student loan interest of $633 in determining adjusted gross income for their taxable year 2003.

Accuracy-Related Penalty

It is respondent's position that petitioners are liable for each of their taxable years 2001 through 2004 for an accuracy-related penalty under section 6662(a) because of negligence or disregard of rules or regulations under section 6662(b)(1).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

Failure to keep adequate records is evidence not only of negligence, but also of intentional disregard of regulations. See sec. 1.6662-3(b)(1) and (2), Income Tax Regs.; see also Magnon v. Commissioner, 73 T.C. 980, 1008 (1980).

The accuracy-related penalty under section 6662(a) does not

apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess such taxpayer's proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662. To meet that burden, respondent must come forward with sufficient evidence indicating that it is appropriate to impose that penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Although respondent bears the burden of production with respect to the accuracy-related penalty that respondent determined for each of petitioners' taxable years 2001 through 2004, respondent "need not introduce evidence regarding reasonable cause * * * or similar provisions. * * * the taxpayer bears the burden of proof with regard to those issues." Id.

With respect to the accuracy-related penalty under section 6662(a) that respondent determined for each of petitioners' taxable years 2001 through 2004, Mr. Agbaniyaka testified that petitioners maintained documents to support the amounts at issue.

The record in this case does not contain any of the records that Mr. Agbaniyaka testified he maintained.[16]  On the instant record, we find that petitioners did not maintain the records required by section 6001 and section 1.6001-1(a), Income Tax Regs.  On that record, we further find that the burden of production that respondent has under section 7491(c) is satisfied.  See sec. 1.6662-3(b)(1) and (2), Income Tax Regs.

In support of their position that they are not liable for each of the years at issue for the accuracy-related penalty, petitioners make the following argument on brief:

> Taxpayers relied upon the knowledge gained by Benjamin as an IRS Revenue Agent.  Respondent charac-terizes him as an expert when arguing that he acted negligently in failing to follow the tax code and regulations.  Similarly, he should be accorded the benefit of this expertise in claiming deductions which are proper and allowable under the Internal Revenue Code and based on the IRS policy and procedures and that Benjamin is familiar with.

On the record before us, we reject petitioners' argument. During the years at issue, Mr. Agbaniyaka was a trained revenue agent and was fully aware of the requirements imposed by section 6001.  Nonetheless, petitioners failed to maintain sufficient records for each of their taxable years 2001 through 2004 to

_____

[16]The only documentation that petitioners introduced into the record are copies of two American Express Business Gold Card bills that showed a purchase on June 8, 2002, from "IMPORTS OF AFRICA" of $1,200 and a purchase on June 25, 2002, from "IMPORTS OF AFRICA" of $750.  Respondent concedes that Mr. Agbaniyaka made those purchases in 2002.

establish their position with respect to any of the issues presented.

On the record before us, we find that petitioners have failed to carry their burden of showing that they were not negligent and did not disregard rules or regulations, or otherwise did what a reasonable person would do, with respect to the underpayment for each of the years at issue.

On that record, we further find that petitioners have failed to carry their burden of showing that there was reasonable cause for, and that they acted in good faith with respect to, the underpayment for each of the years at issue.

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that they are not liable for each of the tax years at issue for the accuracy-related penalty under section 6662(a).

We have considered all of petitioners' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions of respondent,

<u>Decision will be entered under Rule 155</u>.