T.C. Memo. 2008-105

UNITED STATES TAX COURT

NELSON R. MOREIRA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15314-06.                    Filed April 17, 2008.

Nelson R. Moreira, pro se.

<u>Michelle L. Maniscalco</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a $10,666 deficiency

in, a $2,666.50 addition under section 6651(a)(1)[1] to, and a

$2,133.20 accuracy-related penalty under section 6662(a) on

_____

[1]All section references are to the Internal Revenue Code
(Code) in effect for the year at issue.  All Rule references are
to the Tax Court Rules of Practice and Procedure.

petitioner's Federal income tax (tax) for his taxable year 2003.

The issues remaining for decision are:[2]

(1) Is petitioner entitled to deduct for the year at issue certain expenses that he claimed with respect to his business of driving a taxi cab?  We hold that he is not.

(2) Is petitioner liable for the year at issue for the addition to tax under section 6651(a)(1)?  We hold that he is.

(3) Is petitioner liable for the year at issue for the accuracy-related penalty under section 6662(a)?  We hold that he is.

                         FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in New York, New York, at the time he filed the petition in this case.

At all relevant times, including during 2003, the year at issue, petitioner was a taxi cab driver in New York City.  As a taxi cab driver, petitioner was assigned medallion number 2C73.

On April 11, 2002, petitioner purchased for a total purchase price of $27,671.64 a Ford Crown Victoria automobile to be used as a taxi cab.  Petitioner paid $17,671.64 when he purchased that vehicle and financed the balance of the purchase price over 24

---

[2]Respondent made certain other determinations in the notice of deficiency with respect to petitioner's taxable year 2003, the resolution of which depends on our resolution of the issues that remain for decision.

months.

Petitioner did not maintain adequate records (e.g., maintenance records or logs, receipts, invoices, billing statements) with respect to the taxi cab that he drove during 2003.

On April 4, 2005, petitioner filed Form 1040, U.S. Individual Income Tax Return, for his taxable year 2003 (2003 return). Petitioner included Schedule C, Profit or Loss From Business (Schedule C), in that return. In that schedule, petitioner did not identify his principal business or profession, the name of his business, or his business address. In Schedule C, petitioner claimed gross income of $61,520 and total deductions of $51,791, including a "Depreciation and section 179 expense deduction" of $17,723 and a "Repairs and maintenance" expense deduction of $6,022.

Respondent issued to petitioner a notice of deficiency with respect to his taxable year 2003 (2003 notice). In that notice, respondent determined, inter alia, to disallow the "Depreciation and section 179 expense deduction" of $17,723 and the "Repairs and maintenance" expense deduction of $6,022 that petitioner claimed in Schedule C. In the 2003 notice, respondent also determined that petitioner is liable for the addition to tax under section 6651(a)(1) and the accuracy-related penalty under section 6662(a).

## OPINION

Petitioner bears the burden of proving error in the determinations in the 2003 notice that remain at issue.[3]  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Claimed Schedule C Deductions

The only Schedule C deductions that remain at issue are petitioner's claimed "Depreciation and section 179 expense deduction" of $17,723 and "Repairs and maintenance" expense deduction of $6,022.

Deductions are strictly a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  The taxpayer is required to maintain records sufficient to establish any deduction claimed.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

In support of his position that he is entitled to the claimed Schedule C deductions that remain at issue, petitioner relies principally on his testimony.  We found petitioner's testimony to be general, conclusory, vague, self-serving, and/or inconsistent in material respects.  We shall not rely on that testimony to establish his position that he is entitled to the

---

[3]Petitioner does not argue that the burden of proof with respect to the deficiency determination shifts to respondent under sec. 7491(a).  In any event, we find that petitioner has failed to carry his burden of showing that he complied with the applicable requirements of sec. 7491(a)(2).

claimed Schedule C deductions that remain at issue.  See <u>Lerch v.</u>
<u>Commissioner</u>, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C.
Memo. 1987-295; <u>Geiger v. Commissioner</u>, 440 F.2d 688, 689-690
(9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; <u>Shea v.</u>
<u>Commissioner</u>, 112 T.C. 183, 189 (1999).

With respect to the expenses of $6,022 for "Repairs and
maintenance" that petitioner claimed in Schedule C, section
162(a) generally allows a deduction for ordinary and necessary
expenses paid or incurred during the taxable year in carrying on
a trade or business.  Petitioner did not keep records (e.g.,
maintenance records or logs, receipts, invoices, billing state-
ments) showing the types and the amounts of all the expenses that
he claimed in Schedule C for "Repairs and maintenance".  Nor did
he maintain records showing that during 2003 he paid $6,022 for
"Repairs and maintenance".[4]

---

[4]The parties stipulated several invoices totaling $575 for
certain repairs and maintenance.  In support of his position that
it was he who paid those invoices, petitioner relied on his self-
serving testimony.  We are not required to accept that testimony.
See <u>Lerch v. Commissioner</u>, 877 F.2d 624, 631-632 (7th Cir. 1989),
affg. T.C. Memo. 1987-295; <u>Geiger v. Commissioner</u>, 440 F.2d 688,
689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159;
<u>Shea v. Commissioner</u>, 112 T.C. 183, 189 (1999).  On the record
before us, we find that petitioner has failed to carry his burden
of showing that he paid the stipulated invoices.

Petitioner testified that during 2003 he himself performed
some maintenance on the taxi cab that he drove.  He did not,
however, introduce any evidence on which we may estimate the
amount that he paid for that maintenance during that year.  On
the record before us, we conclude it would be inappropriate for
(continued...)

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2003 to deduct under section 162(a) $6,022 of expenses for "Repairs and maintenance" that he claimed in Schedule C.

With respect to the "Depreciation and section 179 expense deduction" of $17,723 that petitioner claimed in Schedule C, section 167(a) allows a deduction for a reasonable allowance for exhaustion, wear and tear, and obsolescence of property used in a trade or business or held for the production of income. In general, the basis on which depreciation is allowable under section 167(a) with respect to any property is the adjusted basis of the property, determined under section 1011 for the purpose of determining gain on the sale or other disposition of such property. See sec. 167(c)(1).

We have found that on April 11, 2002, petitioner purchased a taxi cab for $27,671.64, that he paid $17,671.64 of the purchase price at the time of purchase, and that he financed the remainder of the purchase price over 24 months. Petitioner did not keep records showing that he paid any amount in excess of the payment that he made on April 11, 2002. Nor did he show the amount at the beginning of 2003 of the depreciable basis of the taxi cab

[4](...continued)
us to estimate that amount. Cf. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).

that he drove during that year and the method of depreciation that he used in calculating the $17,723 of "Depreciation and section 179 expense deduction" that he claimed in Schedule C.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2003 under section 167(a) to the $17,723 "Depreciation and section 179 expense deduction" that he claimed in Schedule C.

## Addition to Tax Under Section 6651(a)(1) and Accuracy-Related Penalty Under Section 6662(a)

Respondent determined that petitioner is liable for the addition to tax under section 6651(a)(1) and the accuracy-related penalty under section 6662(a).

Section 6651(a)(1) imposes an addition to tax for failure to file timely a tax return. The addition to tax under that section does not apply if the failure to file timely is due to reasonable cause, and not willful neglect. Sec. 6651(a)(1).

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment of tax attributable to, inter alia, negligence or disregard of rules or regulations under section 6662(b)(1) or a substantial understatement of tax under section 6662(b)(2).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to

do what a reasonable person would do under the circumstances.
See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992),
affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C.
686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990). The term
"disregard" includes any careless, reckless, or intentional
disregard. Sec. 6662(c). Failure to keep adequate records is
evidence not only of negligence, but also of intentional disre-
gard of regulations. See sec. 1.6662-3(b)(1) and (2), Income Tax
Regs.; see also Magnon v. Commissioner, 73 T.C. 980, 1008 (1980).

The accuracy-related penalty under section 6662(a) does not
apply to any portion of an underpayment if it is shown that there
was reasonable cause for, and that the taxpayer acted in good
faith with respect to, such portion. Sec. 6664(c)(1). The
determination of whether the taxpayer acted with reasonable cause
and in good faith depends upon the pertinent facts and circum-
stances, including the taxpayer's efforts to assess the tax-
payer's proper tax liability, the knowledge and experience of the
taxpayer, and the reliance on the advice of a professional, such
as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent must carry the burden of production with respect
to the addition to tax under section 6651(a)(1) and the accuracy-
related penalty under section 6662(a). Sec. 7491(c); Higbee v.
Commissioner, 116 T.C. 438, 446-447 (2001). To satisfy respon-
dent's burden of production, respondent must come forward with

"sufficient evidence indicating that it is appropriate to impose" the addition to tax and the accuracy-related penalty.  Higbee v. Commissioner, supra at 446.  Although respondent bears the burden of production with respect to the addition to tax under section 6651(a)(1) and the accuracy-related penalty under section 6662(a), respondent "need not introduce evidence regarding reasonable cause * * * or similar provisions. * * * the taxpayer bears the burden of proof with regard to those issues."  Id.

With respect to the addition to tax under section 6651(a)(1), we have found that petitioner did not file timely his 2003 return.[5]  On the record before us, we find that respondent has carried respondent's burden of production under section 7491(c) with respect to the addition to tax under section 6651(a)(1).

At trial, petitioner testified that he could not recall why he failed to file timely his 2003 return.  On the record before us, we find that petitioner has failed to carry his burden of establishing that his failure to file timely his 2003 return was due to reasonable cause, and not willful neglect.  On that record, we further find that petitioner has failed to carry his burden of establishing that he is not liable for the addition to tax under section 6651(a)(1).

---

[5]At trial, petitioner conceded that he failed to file timely his 2003 return.

With respect to the accuracy-related penalty under section 6662(a), we have found that petitioner failed to keep adequate records as required by the Code in order to substantiate the claimed Schedule C deductions that remain at issue. Petitioner's failure to keep adequate records is evidence of both negligence and intentional disregard of regulations. See sec. 1.6662-3(b)(1) and (2), Income Tax Regs.; see also Magnon v. Commissioner, supra. On the record before us, we find that respondent has satisfied respondent's burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662(a).

Petitioner offered no evidence, and made no argument, with respect to the accuracy-related penalty under section 6662(a). On the record before us, we find that petitioner has failed to carry his burden of establishing that he was not negligent and did not disregard rules or regulations, or otherwise did what a reasonable person would do, with respect to the underpayment for his taxable year 2003.[6] On that record, we further find that petitioner has failed to carry his burden of establishing that there was reasonable cause for, and that he acted in good faith with respect to, that underpayment. See sec. 6664(c)(1). On the

---

[6]We believe that the computations under Rule 155 will establish that there is also a substantial understatement of tax within the meaning of sec. 6662(b)(2) with respect to petitioner's taxable year 2003.

record before us, we find that petitioner has failed to carry his burden of establishing that he is not liable for the year at issue for the accuracy-related penalty under section 6662(a).

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concession of respondent,

<u>Decision will be entered under Rule 155</u>.