T.C. Summary Opinion 2008-88


UNITED STATES TAX COURT


DOUGLAS K. AND GAYLE L. BARRETT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7917-07S.               Filed July 21, 2008.


Douglas K. Barrett, pro se.

<u>Brooke S. Laurie</u>, for respondent.



GOEKE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

This case arises from a petition filed in response to a notice of deficiency.

Respondent determined that petitioners failed to report income of $28,239 on Schedule C, Profit or Loss From Business, of their joint 2003 Federal income tax return. Respondent further disallowed petitioners' deductions claimed on Schedule A, Itemized Deductions, and business expense deductions claimed on Schedule C.

Respondent conceded the issue of Schedule C unreported income. Therefore, we must decide whether: (1) Petitioners are entitled to the claimed Schedule A deductions, (2) petitioners are entitled to the claimed Schedule C deductions, and (3) respondent's determination of an accuracy-related penalty under section 6662 was appropriate.

## Background

At the time the petition was filed petitioners were residents of California.

Petitioners claimed Schedule A deductions of $5,629, a $9,540 adjustment for cost of goods sold, and Schedule C deductions of $33,719 which included car and truck expense deductions for a 2003 Chevrolet truck reportedly used in conjunction with Mr. Barrett's contracting business, purchases of

small tools, and various other expenses. Respondent disallowed these deductions in the notice of deficiency. Respondent also determined an accuracy-related penalty pursuant to section 6662(a).

### Discussion

Generally, taxpayers bear the burden of proving the Commissioner's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 162(a) allows deductions for ordinary and necessary expenses of carrying on a trade or business. Section 7491 regarding the burden of proof is not applicable in this case because petitioners have failed to meet the requirements of section 7491(a)(1) and (2). These deductions are strictly a matter of legislative grace, and taxpayers bear the burden of proving they are entitled to any claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 6001 requires taxpayers to maintain adequate books and records sufficient to substantiate all costs of goods sold and all deductions claimed on tax returns. Petitioners have not provided any documentation to substantiate the cost of goods sold reported on their tax return. Respondent's examination agent allowed petitioners a portion of their claimed cost of goods sold; in view of petitioners' lack of any substantiating

documentation, we find petitioners are not entitled to a greater amount than that which respondent has already allowed.

Section 274(d) requires taxpayers to substantiate any claimed deductions of listed property by adequate records or sufficient evidence and bars any deduction for an expenditure governed by section 274 on the basis of unsupported testimony of the taxpayers or on the basis of the taxpayers' approximation.[2] Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  We have held that where taxpayers' testimony is general, conclusory, or uncorroborated, the Court is not required to accept such testimony as sustaining taxpayers' burden of proof.  See Lerch v. Commissioner, T.C. Memo. 1987-295, affd. 877 F.2d 624 (7th Cir. 1989); Geiger v. Commissioner, T.C. Memo. 1969-159, affd. 440 F.2d 688 (9th Cir. 1971).

At his meeting with respondent's examination agent, Mr. Barrett submitted only a purchase agreement for the 2003 Chevrolet truck and one vehicle insurance invoice to substantiate the depreciation and vehicle expenses, and he provided no documents to substantiate his claim that the truck had been used for business purposes.

---

[2]Pursuant to sec. 280F(d)(4)(A), "listed property" includes a passenger automobile, a computer or peripheral equipment, and any cellular telephone or other similar telecommunications equipment.

Mr. Barrett produced no documentation to substantiate the other claimed Schedule A or C deductions. His testimony on the matters was brief and conclusory, offering only statements that respondent had not produced adequate records to demonstrate his deficiency and that the claimed business expenses were not "unusual or alarming for a small business." In addition, he called no witnesses to corroborate his testimony. Accordingly, we find petitioners have failed to establish entitlement to the cost of goods sold and deductions claimed on their Schedules A and C.

Respondent determined petitioners are liable for an accuracy-related penalty under section 6662(a). Section 6662(a) and (b)(1) imposes a 20-percent penalty on the portion of an underpayment attributable to negligence. Negligence includes any failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

The Commissioner has the burden of production with respect to accuracy-related penalties. Sec. 7491(c). To meet that burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Rule 142(a); Higbee v. Commissioner,

supra at 446-447.  The taxpayer may meet this burden by proving that he or she acted with reasonable cause and in good faith. See sec. 6664(c)(1); sec. 1.6664-4(a) and (b)(1), Income Tax Regs.

We conclude that respondent has met his burden of production under section 7491(c).  The record shows that petitioners failed to keep adequate books and records or to substantiate the claimed cost of goods sold and deductions properly.  As discussed above, Mr. Barrett offered no testimony or documentation to establish reasonable cause for failing to substantiate petitioners' claimed cost of goods sold and deductions.  On the basis of our examination of the entire record before us, we find petitioners have failed to carry their burden of establishing that they are not liable for the 2003 accuracy-related penalty under section 6662(a).

To reflect the foregoing,

Decision will be entered under Rule 155.